UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

THE UNITED STATES FOR THE USE AND BENEFIT        Case #
OF PLATINUM MECHANICAL, LLC,

                        Plaintiff,                    **07 CIV. 3318**

               -against-                               **COMPLAINT**

UNITED STATES SURETY COMPANY,                    **BRIEANT**
US SPECIALTY INSURANCE COMPANY and
The CFP GROUP, INC.

                        Defendants.
----------------------------------------------------------------X

      Plaintiff, The United States for the Use and Benefit of Platinum Mechanical, LLC D/B/A Platinum Mechanical Contractors, ("Platinum") by its attorneys, Welby, Brady & Greenblatt, LLP, as and for its Complaint, respectfully alleges as follows:

### NATURE OF ACTION

      1.    On or about May 31, 2006, Platinum received Purchase Orders 2580-4(A) and 2580-4(B) from the CFP Group, Inc. ("CFP"), general contractor for the project known as Hangar 100-105th Airlift Wing NY-ANG, Newburgh, New York, contract #W912PQ-06-C-0004 (the "Project"), pursuant to which Platinum was to furnish labor and materials relative to certain HVAC and plumbing work for the Project.

2. Defendants, United States Surety Company and US Specialty Insurance Company ("Sureties"), as surety and CFP, as principal, made a payment bond in connection with the Project.

3. Platinum is a claimant under the labor and material payment bond made by Sureties, as sureties, and CFP, as principal in connection with the Project.

4. Platinum has commenced this action to recover damages from Sureties and CFP in the amount of at least Two Hundred Twenty Thousand One Hundred Thirty and 37/100 ($220,130.37) Dollars resulting from CFP's failure to pay Platinum for labor and materials Platinum provided to the Project.

**JURISDICTION AND VENUE**

5. This Court's jurisdiction is evoked pursuant to 28 U.S.C. § 1331 against defendants, Sureties, in that plaintiff's claim arises under 40 U.S.C. § 3131–3134, commonly known as the "Miller Act."

6. Plaintiff, Platinum Mechanical, LLC is a limited liability company organized and existing by virtue of the laws of the State of New York, operating under the assumed name of Platinum Mechanical Contractors.

7. Defendant, CFP, is a Maryland corporation. Pursuant to 28 U.S.C. § 1332, this court has diversity jurisdiction over the action against defendant, CFP. The matter in controversy exceeds,

exclusive of interest and costs, the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

8. Pursuant to 28 U.S.C. § 1391(a)(2), venue lies in the Southern District of New York because a substantial part of the events giving rise to Platinum's claims occurred in this District.

**JURY DEMANDS**

9. Plaintiff, Platinum, hereby demands a trial by jury on all issues so triable.

**PARTIES**

10. Plaintiff, Platinum, is a limited liability corporation organized and existing by the laws of the State of New York, and authorized to conduct business in the State of New York, under the assumed name of Platinum Mechanical Contractors, having its principal place of business located at 250 Greenwich Avenue, Goshen, New York 10924.

11. Upon information and belief, defendant, United States Surety Company, is a foreign corporation organized and existing by virtue of the laws of the State of Maryland and is duly authorized to act as a surety in the State of New York, having its principal place of business located at 20 West Aylesbury Road, Timonium, Maryland, 21094.

12. Upon information and belief, defendant, US Specialty Insurance Co., is a foreign corporation organized and existing by virtue of the laws of the State of Texas and is duly authorized

to act as a surety in the State of New York, having its principal place of business located at 13403 Northwest Freeway, Houston, TX 77040.

13. Upon information and belief, defendant, CFP, is a foreign corporation organized and existing by virtue of the laws of the State of Maryland, and authorized to conduct business in the State of New York, having its principal place of business located at 1921 Gallows Road, Suite 380, Vienna, VA 22182.

## COUNT ONE AS TO DEFENDANT, CFP

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through 13 as though more fully set forth at length therein.

15. Upon information and belief, defendant, CFP, entered into an agreement with the United States of America, acting by the USP&FO-New York, whereby CFP agreed to furnish and install certain labor, materials and equipment for the construction of the Project.

16. On or about May 31, 2006, CFP issued purchase orders to Platinum, pursuant to which Platinum agreed to furnish labor and materials for the HVAC and plumbing for the project. (A copy of the purchase orders issued to Platinum by CFP are annexed hereto, and made a part hereof, as exhibit "A".)

17. At the special interest and request of CFP, Platinum performed certain extra and additional work at the Project, at a reasonable value of which is approximately Seventy-five Thousand Nine Hundred Ninety and 77/100 ($75,990.77) Dollars.

18. Platinum has performed all of its obligations pursuant to the terms and conditions of its agreement with CFP for the Project.

19. There is now due and owing to Platinum the balance of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with interest thereon from November 24, 2006.

20. CFP has breached the agreement by failing and refusing to make full payment to Platinum for the labor and materials furnished by Platinum to the Project.

21. By reason of the above, plaintiff, Platinum, has been damaged and demands judgment in the amount of at least Two Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with interest thereon from November 24, 2006.

**COUNT TWO AS DEFENDANT, CFP**

22. Plaintiff, Platinum, repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through 21 above, with the same force and effect as though more fully

set at length herein.

23. At the special instance and request of CFP, Platinum furnished certain labor and materials to CFP for the Project, for the reasonable value of at least One Million One Hundred Sixty Thousand Two Hundred Thirty Six and 77/100 ($1,160,236.77) Dollars.

24. Platinum received payment from CFP in the amount of Nine Hundred Forty Thousand Fifty Six and 40/100 ($940,056.40) Dollars, leaving a balance due and owing, taking into all credits, from CFP to Platinum in the amount of Two Hundred Twenty One hundred Eighty and 37/100 ($220,180.37) Dollars, no part of which have been paid, although due and demanded.

25. Defendant, CFP, was unjustly enriched by retaining the benefits of the labor performed and materials furnished by Platinum, to the Project, without having paid for the full value said labor and materials.

26. By reason of the above, plaintiff, Platinum, has been damaged and demands judgment in the amount of at least Two Hundred Twenty thousand One Hundred Eighty and 37/100 ($220,280.37.) Dollars, together with interest thereon from November 24, 2006.

## COUNT THREE AS TO DEFENDANT, US SPECIALTY INSURANCE COMPANY

27. Plaintiff, Platinum, repeats, reiterates and reallegs each and every allegation contained

in Paragraphs "1" thru 26 above, with the same force and effect as though more fully set forth in length herein.

28. Upon information and belief, defendant, CFP, entered into an agreement with the United States of America, acting by USP&FO-New York, whereby CFP agreed to perform certain work in connection with the Project.

29. Pursuant to the act of Congress approved August 24, 1935, defendant, United States Surety Company, as surety bound themselves jointly and severally, conditioned that if CFP shall promptly make payments to all persons supplying labor and materials in the prosecution of work provided in the contract between CFP and the United States, acting by USP&FO-New York, and any duly authorized modification made to the contract, the obligation to be void; otherwise to remain in full force and effect.

30. The bond as duly accepted by the United States, and upon such acceptance, the work under the contract for the construction and completion of the project was undertaken by CFP.

31. Thereafter, on or about May 31, 2006, CFP issued purchase orders to Platinum, to which Platinum agreed to furnish labor and materials in connection with the plumbing and HVAC work for the Project.

32. At the special instance and request of CFP, Platinum performed certain extra and

additional work at the Project, the reasonable value of which was at least Seventy Five Thousand Nine Hundred Ninety and 77/100 ($75,990.77) Dollars.

33. There remains due and owing to Platinum, the balance of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with the interest thereon from November 24, 2006.

34. The labor and materials furnished by Platinum was required to be performed by CFP, pursuant to is contract with the United States of America, USP&FO-New York, and was furnished and performed by Platinum, with knowledge, consent and approval of the defendant.

35. CFP has refused, and continues to refuse, to pay Platinum the sum of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, the amount still due and owing Platinum for the labor and materials furnished by Platinum for the Project.

36. One year has not elapsed from the date of final settlement of CFP's contract with the United States of America and, although demand has been made, no part of the sum of at least Two Hundred Twenty One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, has been paid to Platinum. That payment has been unreasonably withheld since November 24, 2006, and Platinum is entitled to interest at the rate of nine percent per annum (9%), from that date.

37.     All of the labor materials and equipment performed and furnished by Platinum were furnished within the Southern District of New York.

**COUNT FOUR AS TO DEFENDANT UNITED STATES SURETY COMPANY**

38.     Plaintiff, Platinum, repeats, reiterates and reallegs each and every allegation contained in Paragraphs "1" thru "37" above, with the same force and effect as though more fully set forth in length herein.

39.     Upon information and belief, defendant, CFP, entered into an agreement with the United States of America, acting by USP&FO-New York, whereby CFP agreed to perform certain work in connection with the Project.

40.     Pursuant to the act of Congress approved August 24, 1935, defendant, United States Surety Company, as surety bound themselves jointly and severally, conditioned that if CFP shall promptly make payments to all persons supplying labor and materials in the prosecution of work provided in the contract between CFP and the United States, acting by USP&FO-New York, and any duly authorized modification made to the contract, the obligation to be void; otherwise to remain in full force and effect.

41.     The bond as duly accepted by the United States, and upon such acceptance, the work under the contract for the construction and completion of the project was undertaken by CFP.

42. Thereafter, on or about May 31, 2006, CFP issued purchase orders to Platinum, to which Platinum agreed to furnish labor and materials in connection with the plumbing and HVAC work for the Project.

43. At the special instance and request of CFP, Platinum performed certain extra and additional work at the Project, the reasonable value of which was at least Seventy Five Thousand Nine Hundred Ninety and 77/100 ($75,990.77) Dollars.

44. There remains due and owing to Platinum, the balance of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with the interest thereon from November 24, 2006.

45. The labor and materials furnished by Platinum was required to be performed by CFP, pursuant to is contract with the United States of America, USP&FO-New York, and was furnished and performed by Platinum, with knowledge, consent and approval of the defendant.

46. CFP has refused, and continues to refuse, to pay Platinum the sum of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, the amount still due and owing Platinum for the labor and materials furnished by Platinum for the Project.

47. One year has not elapsed from the date of final settlement of CFP's contract with the United States of America and, although demand has been made, no part of the sum of at least Two

Hundred Twenty One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, has been paid to Platinum. That payment has been unreasonably withheld since November 24, 2006, and Platinum is entitled to interest at the rate of nine percent per annum (9%), from that date.

48.     All of the labor materials and equipment performed and furnished by Platinum were furnished within the Southern District of New York

**WHEREFORE,** plaintiff, The United States for the use and benefit of Platinum Mechanical Contractors respectfully demands judgment, as follows:

1.      On Count One, judgment against defendant the CFP, Group Inc., in the amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action, and for such other and further relief this Court may deem just and proper.

2.      On Count Two, judgment against defendant the CFP, Group Inc., in the amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action, and for such other and further relief this Court may deem just and proper.

3.      On Count Three, judgment against defendant, US Specialty Insurance Co., in the

amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action and for such other and further relief to this Court may seem just and proper.

4. On Count Four, judgment against defendant, United States Surety Company in the amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37)

5. Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action, and for such other and further relief this Court may deem just and proper.

Dated: White Plains, New York
April 25, 2007

WELBY, BRADY & GREENBLATT, LLP

By: _____
Paul G. Ryan (PR-2374)
Attorneys for use Plaintiff
Platinum Mechanical, LLC
11 Martine Avenue
White Plains, New York 10606
Telephone No.: (914) 428-2100
Facsimile No.: (914) 428-2172