UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

THE UNITED STATES FOR THE USE AND BENEFIT          Case # 07-cv-3318
OF PLATIMUM MECHANICAL, LLC,

                                    Plaintiff,


                    -against-                                **AFFIDAVIT OF
                                                             COMPLIANCE WITH
                                                             BCL §307**

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and
The CFP GROUP, INC.

                                    Defendants.

------------------------------------------------------------------------X

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER       )

          Michael R. Wood, being duly sworn, deposes and says:

          1.     I am over eighteen years of age, am not a party to this action, and reside in

Weehawken, New Jersey.

          2.     On May 15, 2007, I sent notice of and a copy of the process served upon

defendant, The CFP Group, Inc. via the New York Secretary of State, in this action, pursuant to

BCL § 307, to the following:

REGISTERED MAIL, RETURN RECEIPT REQUESTED
RA 381669958 US
The CFP Group, Inc.
c/o Mr. Dinesh C. Verma
Suite 360
11 North Washington Street
Rockville, MD  20850

by depositing a true copy thereof in a postage prepaid wrapper in a post office within the State of

New York, addressed to the agent for service on file with the secretary of state in the jurisdiction

of the above-named party's incorporation.

3.      A copy of the process is attached hereto as Exhibit "A".

4.      The return receipt, acknowledging receipt of the process is attached hereto as

Exhibit "B".

_____
Michael R. Wood

Sworn to before me this
22nd day of May, 2007

_____
Notary Public

ADAM W. DOWNS
Notary Public, State of New York
No. 02DO6149313
Qualified in Westchester County
Commission Expires July 10, 2010

2

**Exhibit A**

## WELBY, BRADY & GREENBLATT, LLP
### ATTORNEYS AT LAW
WESTCHESTER FINANCIAL CENTER
11 MARTINE AVENUE
WHITE PLAINS, NEW YORK 10606
TEL: (914) 428-2100
FAX: (914) 428-2172
www.wbgllp.com

GERARD P. BRADY*
ANTHONY P. CARLUCCI, JR.*
MICHAEL E. GREENBLATT**×△
ALEXANDER A. MIUCCIO
PAUL G. RYAN*+
ALAN D. SINGER
THOMAS S. TRIPODIANOS
THOMAS H. WELBY*

MICHAEL I. SILVERSTEIN
NICHOLAS A. CARRE
ADAM W. DOWNS*+
MARK CERMELE*
S. DEAN KIM*
HEATHER R. OHLBERG

*ALSO ADMITTED IN NEW JERSEY
+ALSO ADMITTED IN CONNECTICUT
×ALSO ADMITTED IN MASSACHUSETTS
△ALSO ADMITTED IN PENNSYLVANIA

OF COUNSEL:
LESTER GULITZ
GEOFFREY S. POPE*×
ROBERT G. CORKE
DONNA M. BRADY*

NEW JERSEY OFFICE
123 NORTH UNION AVENUE
SUITE 103
CRANFORD, NEW JERSEY 07016
(908) 272-7870
(908) 272-2656 (FAX)

CONNECTICUT OFFICE
ONE LANDMARK SQUARE
FIFTH FLOOR
STAMFORD, CONNECTICUT 06901
(203) 363-0081
(203) 363-0071 (FAX)

May 15, 2007

**VIA REGISTERED MAIL,**
**RETURN RECEIPT REQUESTED**
The CFP Group, Inc.
c/o Mr. Dinesh C. Verma
Suite 360
11 North Washington Street
Rockville, MD 20850

Re:    U.S. f/b/o Platinum Mechanical, LLC
            v.
        United States Surety Company, *et al.*
        (Index # 07-cv-3318, S.D.N.Y)
        Platinum Mech. – CFP Group
        File # 954.002

Dear Mr. Verma:

This firm represents Platinum Mechanical, LLC ("Platinum"), plaintiff in the above-referenced action. Enclosed herewith, pursuant to New York Business Corporation Law § 307, please find notice and a copy of process recently served on The CFP Group, Inc. via the New York Secretary of State.

Thank you for your attention to this matter.

Very truly yours,

Michael Wood

Enc.
cc:    Platinum Mechanical, LLC
        (w/o enclosures)

State of New York - Department of State
Receipt for Service

Receipt #:  200705080110                    Cash #: 200705080110
Date of Service:  05/04/2007                Fee Paid: $40 - CHECK
Service Company:  35 SERVICO - 35

Service was directed to be made pursuant to:  SECTION 307 OF THE BUSINESS
   CORPORATION LAW

Party Served:  THE CFP GROUP, INC.

Plaintiff/Petitioner:
              THE UNITED STATES FOR THE USE AND BENEFIT OF PLATI
              NUM MECHANICAL, LLC


Service of Process Address:


                                            Secretary of State
                                            By  AMY LESCH



## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index # 07CIV3318

Purchased/Filed: April 25, 2007

STATE OF NEW YORK        UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF

_The United States for the Use and Benefit of Platinum Mechanical, LLC_                    Plaintiff

against

_United States Surety Company, et al_                    Defendant

STATE OF NEW YORK        SS.:
COUNTY OF ALBANY

_____Jessica Miller_____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____May 4, 2007_____ , at __2:00pm__ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint, Rule 7.1 Statement, Civil Cover Sheet, Judge's Rules and Electronic Filing
Instructions Guidelines and Procedures                    on

_____The CFP Group, Inc_____ , the

Defendant in this action, by delivering to and leaving with _____Amy Lesch_____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __1__ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of __40__ dollars; That said service

was made pursuant to Section __307 Business Corporation Law__ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served: Approx. Age: __23__    Approx. Wt: __160__    Approx. Ht: __5'9"__

Color of skin: __White__    Hair color: __Blonde__    Sex: __F__    Other: _____

Sworn to before me on this

__9th__ day of _____May, 2007_____

_____        _____
DONNA M. TIDINGS                    Jessica Miller
NOTARY PUBLIC, State of New York
No. 01Ti4898570, Qualified in Albany County
Commission Expires June 15, 2007        Invoice•Work Order # SP0703829

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ Southern _____    DISTRICT OF _____ New York _____

The United States for the Use and Benefit of
Platinum Mechanical, LLC

**SUMMONS IN A CIVIL CASE**

V.

United States Surety Company, US Specialty
Insurance Company and The CFP Group, Inc.

CASE NUMBER:

07 CV. 3318

BRIEANT    ECF Case

TO: (Name and address of defendant)

United States Surety Company, 20 W. Aylesbury Rd., Timonium, MD 21094
US Specialty Insurance Company, 13403 Northwest Freeway, Houston, TX 77040
The CFP Group, Inc. 1921 Gallows Road, Ste. 380, Vienna, VA 22182

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Paul G. Ryan, Esq.
Welby, Brady & Greenblatt, LLP
11 Martine Avenue
White Plains, NY 10606
(914) 428-2100

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

_____    APR 2 5 2007
CLERK    DATE

_____
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

|  | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other *(specify)*: _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
              Date                              Signature of Server

                                            _____
                                            Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

THE UNITED STATES FOR THE USE AND BENEFIT
OF PLATINUM MECHANICAL, LLC,



                                    Plaintiff,

              -against-                                  **COMPLAINT**

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and
The CFP GROUP, INC.



                          Defendants.

-----------------------------------------------------------------X

       Plaintiff, The United States for the Use and Benefit of Platinum Mechanical, LLC D/B/A

Platinum Mechanical Contractors, ("Platinum") by its attorneys, Welby, Brady & Greenblatt, LLP, as

and for its Complaint, respectfully alleges as follows:


                          **NATURE OF ACTION**

       1.     On or about May 31, 2006, Platinum received Purchase Orders 2580-4(A) and 2580-

4(B) from the CFP Group, Inc. ("CFP"), general contractor for the project known as Hangar 100-

105th Airlift Wing NY-ANG, Newburgh, New York, contract #W912PQ-06-C-0004 (the "Project"),

pursuant to which Platinum was to furnish labor and materials relative to certain HVAC and

plumbing work for the Project.

2.    Defendants, United States Surety Company and US Specialty Insurance Company ("Sureties"), as surety and CFP, as principal, made a payment bond in connection with the Project.

3.    Platinum is a claimant under the labor and material payment bond made by Sureties, as sureties, and CFP, as principal in connection with the Project.

4.    Platinum has commenced this action to recover damages from Sureties and CFP in the amount of at least Two Hundred Twenty Thousand One Hundred Thirty and 37/100 ($220,130.37) Dollars resulting from CFP's failure to pay Platinum for labor and materials Platinum provided to the Project.

## JURISDICTION AND VENUE

5.    This Court's jurisdiction is evoked pursuant to 28 U.S.C. § 1331 against defendants, Sureties, in that plaintiff's claim arises under 40 U.S.C. § 3131–3134, commonly known as the "Miller Act."

6.    Plaintiff, Platinum Mechanical, LLC is a limited liability company organized and existing by virtue of the laws of the State of New York, operating under the assumed name of Platinum Mechanical Contractors.

7.    Defendant, CFP, is a Maryland corporation. Pursuant to 28 U.S.C. § 1332, this court has diversity jurisdiction over the action against defendant, CFP. The matter in controversy exceeds,

2

exclusive of interest and costs, the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

8.    Pursuant to 28 U.S.C. § 1391(a)(2), venue lies in the Southern District of New York because a substantial part of the events giving rise to Platinum's claims occurred in this District.

## JURY DEMANDS

9.    Plaintiff, Platinum, hereby demands a trial by jury on all issues so triable.

## PARTIES

10.    Plaintiff, Platinum, is a limited liability corporation organized and existing by the laws of the State of New York, and authorized to conduct business in the State of New York, under the assumed name of Platinum Mechanical Contractors, having its principal place of business located at 250 Greenwich Avenue, Goshen, New York 10924.

11.    Upon information and belief, defendant, United States Surety Company, is a foreign corporation organized and existing by virtue of the laws of the State of Maryland and is duly authorized to act as a surety in the State of New York, having its principal place of business located at 20 West Aylesbury Road, Timonium, Maryland, 21094.

12.    Upon information and belief, defendant, US Specialty Insurance Co., is a foreign corporation organized and existing by virtue of the laws of the State of Texas and is duly authorized

3

to act as a surety in the State of New York, having its principal place of business located at 13403 Northwest Freeway, Houston, TX 77040.

13.    Upon information and belief, defendant, CFP, is a foreign corporation organized and existing by virtue of the laws of the State of Maryland, and authorized to conduct business in the State of New York, having its principal place of business located at 1921 Gallows Road, Suite 380, Vienna, VA 22182.

## COUNT ONE AS TO DEFENDANT, CFP

14.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through 13 as though more fully set forth at length therein.

15.    Upon information and belief, defendant, CFP, entered into an agreement with the United States of America, acting by the USP&FO-New York, whereby CFP agreed to furnish and install certain labor, materials and equipment for the construction of the Project.

16.    On or about May 31, 2006, CFP issued purchase orders to Platinum, pursuant to which Platinum agreed to furnish labor and materials for the HVAC and plumbing for the project. (A copy of the purchase orders issued to Platinum by CFP are annexed hereto, and made a part hereof, as exhibit "A".)

4

17.    At the special interest and request of CFP, Platinum performed certain extra and additional work at the Project, at a reasonable value of which is approximately Seventy-five Thousand Nine Hundred Ninety and 77/100 ($75,990.77) Dollars.

18.    Platinum has performed all of its obligations pursuant to the terms and conditions of its agreement with CFP for the Project.

19.    There is now due and owing to Platinum the balance of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with interest thereon from November 24, 2006.

20.    CFP has breached the agreement by failing and refusing to make full payment to Platinum for the labor and materials furnished by Platinum to the Project.

21.    By reason of the above, plaintiff, Platinum, has been damaged and demands judgment in the amount of at least Two Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with interest thereon from November 24, 2006.

## COUNT TWO AS DEFENDANT, CFP

22.    Plaintiff, Platinum, repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through 21 above, with the same force and effect as though more fully

set at length herein.

23.    At the special instance and request of CFP, Platinum furnished certain labor and materials to CFP for the Project, for the reasonable value of at least One Million One Hundred Sixty Thousand Two Hundred Thirty Six and 77/100 ($1,160,236.77) Dollars.

24.    Platinum received payment from CFP in the amount of Nine Hundred Forty Thousand Fifty Six and 40/100 ($940,056.40) Dollars, leaving a balance due and owing, taking into all credits, from CFP to Platinum in the amount of Two Hundred Twenty One hundred Eighty and 37/100 ($220,180.37) Dollars, no part of which have been paid, although due and demanded.

25.    Defendant, CFP, was unjustly enriched by retaining the benefits of the labor performed and materials furnished by Platinum, to the Project, without having paid for the full value said labor and materials.

26.    By reason of the above, plaintiff, Platinum, has been damaged and demands judgment in the amount of at least Two Hundred Twenty thousand One Hundred Eighty and 37/100 ($220,280.37.) Dollars, together with interest thereon from November 24, 2006.

## COUNT THREE AS TO DEFENDANT, US SPECIALTY INSURANCE COMPANY

27.    Plaintiff, Platinum, repeats, reiterates and reallegs each and every allegation contained

6

in Paragraphs "1" thru 26 above, with the same force and effect as though more fully set forth in length herein.

28. Upon information and belief, defendant, CFP, entered into an agreement with the United States of America, acting by USP&FO-New York, whereby CFP agreed to perform certain work in connection with the Project.

29. Pursuant to the act of Congress approved August 24, 1935, defendant, United States Surety Company, as surety bound themselves jointly and severally, conditioned that if CFP shall promptly make payments to all persons supplying labor and materials in the prosecution of work provided in the contract between CFP and the United States, acting by USP&FO-New York, and any duly authorized modification made to the contract, the obligation to be void; otherwise to remain in full force and effect.

30. The bond as duly accepted by the United States, and upon such acceptance, the work under the contract for the construction and completion of the project was undertaken by CFP.

31. Thereafter, on or about May 31, 2006, CFP issued purchase orders to Platinum, to which Platinum agreed to furnish labor and materials in connection with the plumbing and HVAC work for the Project.

32. At the special instance and request of CFP, Platinum performed certain extra and

7

additional work at the Project, the reasonable value of which was at least Seventy Five Thousand Nine Hundred Ninety and 77/100 ($75,990.77) Dollars.

33.    There remains due and owing to Platinum, the balance of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with the interest thereon from November 24, 2006.

34.    The labor and materials furnished by Platinum was required to be performed by CFP, pursuant to is contract with the United States of America, USP&FO-New York, and was furnished and performed by Platinum, with knowledge, consent and approval of the defendant.

35.    CFP has refused, and continues to refuse, to pay Platinum the sum of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, the amount still due and owing Platinum for the labor and materials furnished by Platinum for the Project.

36.    One year has not elapsed from the date of final settlement of CFP's contract with the United States of America and, although demand has been made, no part of the sum of at least Two Hundred Twenty One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, has been paid to Platinum.  That payment has been unreasonably withheld since November 24, 2006, and Platinum is entitled to interest at the rate of nine percent per annum (9%), from that date.

37.    All of the labor materials and equipment performed and furnished by Platinum were furnished within the Southern District of New York.

## COUNT FOUR AS TO DEFENDANT UNITED STATES SURETY COMPANY

38.    Plaintiff, Platinum, repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" thru "37" above, with the same force and effect as though more fully set forth in length herein.

39.    Upon information and belief, defendant, CFP, entered into an agreement with the United States of America, acting by USP&FO-New York, whereby CFP agreed to perform certain work in connection with the Project.

40.    Pursuant to the act of Congress approved August 24, 1935, defendant, United States Surety Company, as surety bound themselves jointly and severally, conditioned that if CFP shall promptly make payments to all persons supplying labor and materials in the prosecution of work provided in the contract between CFP and the United States, acting by USP&FO-New York, and any duly authorized modification made to the contract, the obligation to be void; otherwise to remain in full force and effect.

41.    The bond as duly accepted by the United States, and upon such acceptance, the work under the contract for the construction and completion of the project was undertaken by CFP.

9

42.     Thereafter, on or about May 31, 2006, CFP issued purchase orders to Platinum, to which Platinum agreed to furnish labor and materials in connection with the plumbing and HVAC work for the Project.

43.     At the special instance and request of CFP, Platinum performed certain extra and additional work at the Project, the reasonable value of which was at least Seventy Five Thousand Nine Hundred Ninety and 77/100 ($75,990.77) Dollars.

44.     There remains due and owing to Platinum, the balance of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, together with the interest thereon from November 24, 2006.

45.     The labor and materials furnished by Platinum was required to be performed by CFP, pursuant to is contract with the United States of America, USP&FO-New York, and was furnished and performed by Platinum, with knowledge, consent and approval of the defendant.

46.     CFP has refused, and continues to refuse, to pay Platinum the sum of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, the amount still due and owing Platinum for the labor and materials furnished by Platinum for the Project.

47.     One year has not elapsed from the date of final settlement of CFP's contract with the United States of America and, although demand has been made, no part of the sum of at least Two

Hundred Twenty One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, has been paid to Platinum. That payment has been unreasonably withheld since November 24, 2006, and Platinum is entitled to interest at the rate of nine percent per annum (9%), from that date.

48.    All of the labor materials and equipment performed and furnished by Platinum were furnished within the Southern District of New York

**WHEREFORE,** plaintiff, The United States for the use and benefit of Platinum Mechanical Contractors respectfully demands judgment, as follows:

1.    On Count One, judgment against defendant the CFP, Group Inc., in the amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action, and for such other and further relief this Court may deem just and proper.

2.    On Count Two, judgment against defendant the CFP, Group Inc., in the amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action, and for such other and further relief this Court may deem just and proper.

3.    On Count Three, judgment against defendant, US Specialty Insurance Co., in the

11

amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37) Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action and for such other and further relief to this Court may seem just and proper.

4.    On Count Four, judgment against defendant, United States Surety Company in the amount of at least Two Hundred Twenty Thousand One Hundred Eighty and 37/100 ($220,180.37)

5.    Dollars, along with interest thereon from November 24, 2006, the costs and disbursements of this action, and for such other and further relief this Court may deem just and proper.

Dated: White Plains, New York
       April 25, 2007

                                    WELBY, BRADY & GREENBLATT, LLP


                              By:   _____
                                    Paul G. Ryan (PR-2374)
                                    Attorneys for use Plaintiff
                                    Platinum Mechanical, LLC
                                    11 Martine Avenue
                                    White Plains, New York 10606
                                    Telephone No.: (914) 428-2100
                                    Facsimile No.: (914) 428-2172

**Exhibit B**

| Registered No. | | Date Stamp |
|---|---|---|

| | Reg. Fee | $9.50 | | |
|---|---|---|---|---|
| To Be Completed By Post Office | Handling Charge | $0.00 | Return Receipt | $2.15 |
| | Postage | $2.16 | Restricted Delivery | $0.00 |
| | Received by | | | |

Customer Must Declare Full Value $0.00
☐ With Postal Insurance
☐ Without Postal Insurance

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).

**FROM** Welby Brady + Greenblatt, LLP
11 Martine Ave, 15TH Floor
White Plains, NY 10606

The CFP Group, Inc.
c/o Mr. Dinesh C. Verma
Suite 360, 11 N. Washington St.
Rockville, MD 20850

PS Form **3806**,    Receipt for Registered Mail    *Copy 1 - Customer*
May 2004 (7530-02-000-9051)      *(See Information on Reverse)*
For domestic delivery information, visit our website at *www.usps.com* ®

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The CFP Group, Inc.
c/o Mr. Dinesh C. Verma
Suite 360
11 N. Washington Street
Rockville, MD 20850

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
Nicole Aiken    5/18/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☒ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    RA 3811 669 58 US

PS Form **3811**, February 2004      Domestic Return Receipt      102595-02-M-1540