UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

THE UNTIED STATES FOR THE USE AND BENEFIT          Case # 07 civ. 3318
OF PLATINUM MECHANICAL, LLC,

                                        Plaintiff,

          -against-

                                                                   ANSWER
                                                                   AFFIRMATIVE
                                                                   DEFENSES
                                                                      AND
UNITED STATES SURETY COMPANY,                        COUNTERCLAIM
US SPECIALTY INSURANCE COMPANY and
                                                                   JUDGE BRIEANT
CFP GROUP, INC.                                                     ECF CASE

                                        Defendants.

-------------------------------------------------------------------------X

Defendant, CFP GROUP, INC. ( "CFP" ), by its undersigned counsel, as and for its

answer to the Complaint, respectfully shows and alleges:

## NATURE OF THE ACTION

1. Denies the allegations contained in paragraph "1" of the complaint except admits the

execution of a certain purchase order and begs leave to refer to the contents thereof for its

true meaning and intent.

2. Deniea the allegations contained in paragraph "2" of the complaint except admits the

execution of a certain written instrument and begs leave to refer to the contents thereof

for its true meaning and intent.

3. Denies the allegations contained in paragraph "3" of the complaint

4. Denies the allegations contained in paragraph "4" of the complaint except admits that the use plaintiff commenced this action and begs leave to refer to the pleadings filed herein for their true meaning and intent.

## JURISDICTION AND VENUE

5. The allegations contained in  paragraph "5" are legal conclusion to which no response is necessary.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the complaint.

7. Denies the allegations contained in paragraph "7" of the complaint except admits that CFP is a corporation organized under the laws of the State of Maryland.

8. Denies the allegations contained in paragraph "8" of the complaint except admits that certain work was performed within the Southern District of New York.

9. In response to the allegations contained in paragraph "9" of the complaint, which is a demand for trial by jury, no response is necessary.

## PARTIES

10.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the complaint..

11. Admits the allegations contained in paragraph "11" of the complaint.

12. Admits the allegations contained in paragraph "12" of the complaint

13. Admits the allegations contained in paragraph "13" of the complaint except denies the alleged location of its principal place of business.

2

COUNT ONE

14. In response to the allegations repeated and realleged in paragraph "14" of the complaint, CFP repeats its answers to the said allegations as if set forth herein at length.

15. Denies the allegations contained in paragraph "15" of the complaint except admits that it entered into a certain written agreement with the United States of America and begs leave to refer to the contents of the said agreement for its true intent and meaning.

16. Denies the allegations contained in paragraph "16" of the complaint, except admits that it issued a certain written purchase order to Platinum and begs leave to refer to the contents of said agreement for its true meaning and intent.

17. Denies the allegations contained in paragraph "17" of the complaint except admits that the use plaintiff did perform, incorrectly, certain extra work.

18. Denies the allegations contained in paragraph "18" of the complaint.

19. Denies the allegations contained in paragraph "19" of the complaint.

20. Denies the allegations contained in paragraph "20" of the complaint.

21. Denies the allegations contained in paragraph "21" of the complaint.

COUNT TWO

22. In response to the allegations repeated and realleged in paragraph "22" of the complaint, CFP repeats its answers to the said allegations as if set forth herein at length.

23. Denies the allegations contained in paragraph "23" of the complaint.

24. Denies the allegations contained in paragraph "24 of the complaint except admits that it has made payments to the use plaintiff in the sum of at least $ 940,056.40.

25. Denies the allegations contained in paragraph "25" of the complaint..

26. Denies the allegations contained in paragraph "26" of the complaint.

## COUNT THREE

27. In response to the allegations repeated and realleged in paragraph "27" of the complaint, CFP repeats its answers to the said allegations as if set forth herein at length.

28. Denies the allegations contained in paragraph "28" of the complaint except admits that it entered into a certain written agreement with the United States of AMerica  and begs leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

29. Denies the allegations contained in paragraph "29" of the complaint except admits that the Surety Companies executed a certain written instrument and begs leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

30. Admits, upon information and belief, the allegations contained in paragraph "30" of the complaint.

31. Denies the allegations contained in paragraph "31" of the complaint, except admits that it issued a certain purchase order to the use plaintiff and begs leave to refer to the said purchase order for its true meaning and intent.

32. Denies the allegations contained in paragraph "32" of the complaint except admits that the use plaintiff did perform, incorrectly, certain extra work.

33. Denies the allegations contained in paragraph "33" of the complaint.

34. Denies the allegations contained in paragraph "34" of the complaint except admits that the use plaintiff did perform certain work as set forth in the purchase order between the parties and begs leave to refer to the contents of the said purchase order for its true meaning and intent.

35. Denies the allegations contained in paragraph "35" of the complaint .

36. Denies the allegations contained in paragraph "36" of the complaint.

37. Denies the allegations contained in paragraph "37" of the complaint except admits that the use plaintiff did perform certain work within the Southern District of New York

## COUNT FOUR

38. In response to the allegations repeated and realleged in paragraph "38" of the complaint, CFP repeats its answers to the said allegations as if set forth herein at length.

39. Denies the allegations contained in paragraph "39" of the complaint except admits that it entered into a certain written instrument with the United States of America and begs leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

40. Denies the allegations contained in paragraph "40" of the complaint except admits that the Surety Companies executed a certain written instrument and begs leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

41. Admits, upon information and belief, the allegations contained in paragraph "41" of the complaint.

42. Denies the allegations contained in paragraph "42" of the complaint, except admits that it issued a certain purchase order to the use plaintiff and begs leave to refer to the said purchase order for its true meaning and intent.

43. Denies the allegations contained in paragraph "43" of the complaint except admits that the use plaintiff did perform, incorrectly, certain extra work.

44. Denies the allegations contained in paragraph "44" of the complaint.

45. Denies the allegations contained in paragraph "45" of the complaint except admits that the use plaintiff did perform certain work as set forth in the purchase order between

the parties and begs leave to refer to the contents of the said purchase order for its true

meaning and intent.

46. Denies the allegations contained in paragraph "46" of the complaint .

47. Denies the allegations contained in paragraph "47" of the complaint.

48. Denies the allegations contained in paragraph "48" of the complaint except admits

that the use plaintiff did perform certain work within the Southern District of New York

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

49  Platinum has failed to satisfy all of the conditions precedent necessary to establish

entitlement to recovery pursuant to the terms of the subcontract and/or the subcontract

performance bond.

### SECOND AFFIRMATIVE DEFENSE

50  The  Use-Plaintiff's claim is barred by its own breaches of the subcontract.

### THIRD AFFIRMATIVE DEFENSE

51. On information and belief, Platinum's claims are barred, in whole or in part, by

estoppel.


### FOURTH AFFIRMATIVE DEFENSE

52. On information and belief, Platinum's claims are barred, in whole or in part, by

waiver.

### FIFTH AFFIRMATIVE DEFENSE

53. On information and belief, Platinum's claims are barred, in whole or in part, by

laches.

## SIXTH AFFIRMATIVE DEFENSE

54. On information and belief, Platinum's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

55. On information and belief, Platinum's claims are barred, in whole or in part, by its own negligence.

## EIGHTH AFFIRMATIVE DEFENSE

56 On information and belief, Platinum's claims are barred, in whole or in part, by accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

57. On information and belief, Platinum's claims are barred, in whole or in part, by release

## TENTH AFFIRMATIVE DEFENSE

58. Platinum's claims are barred by the doctrine of impairment of sur etyship.

## ELEVENTH AFFIRMATIVE DEFENSE

59. CFP reserves the right to supplement its defenses as discovery reveals other potential defenses.

## TWELFTH AFFIRMATIVE DEFENSE

60. The Complaint fails to state a claim upon which relief may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

61. Because Platinum is the party in material breach of the agreement, it cannot sue for breach of contract.

### FOURTEENTH AFFIRMATIVE DEFENSE

62. Platinum's claims are barred on account of its failure to mitigate its damages.


### COUNTERCLAIM

For its Counterclaim against Use Plaintiff ,Platinum Mechanical Contractors ("Platinum"), CFP alleges as follows:

1. CFP is a corporation existing and organized under the laws of the State of Maryland, with its principal place of business located at 1401 Chain Bridge Rd., Suite 300, McLean, VA 22101.

2. Upon information and belief, Platinum is a limited liability company organized and existing under the laws of the State of New York.

3. This Court has jurisdiction over this counterclaim (1) by its mandatory nature, (2) on account of the complete diversity of citizenship of the parties and (3) as a matter of supplemental jurisdiction.

4. CFP and Platinum entered into an agreement whereby Platinum agreed to perform certain services for CFP.

5. Platinum was to provide certain services to CFP by and through purchase orders 2580-4(A) and 2580-4(B) (the "Purchase Orders"), which are attached hereto as Exhibit A and incorporated by this reference.

6. The Purchase Orders arose from the request for proposals ("RFP"), posted at www.nationalguardcontracting.org (the "RFP Site"), and Platinum's response to the RFP

by letter dated May 15, 2006 (the "Platinum Quote"). Platinum sought to provide services under the contract NY-ANG to be awarded by the Departments of the Army and the Air Force National Guard Bureau (the "Agencies"). The contract duration was for 270 days.

7. Platinum offered "to furnish all supervision, labor, materials, tools and equipment to complete all plumbing and HVAC work at the above referenced project, according to all drawings, specs, and addendums . . ."

8. Prior to acceptance of any bids or proposals, the Agencies held a pre-Construction Conference on May 23, 2006 (the "Conference"). Chip Knapp attended the Conference on behalf of Platinum.

9. The Agencies accepted CFP's proposal, including Platinum as one of its subcontractors, and issued a notice to proceed on June 14, 2006.

10. CFP and it subcontractors proceeded to commence work in accordance with the terms of the contract and all drawings, specifications and addenda thereto. By the terms of the contract, all work was to be completed by March 12, 2007.

11. On or about February 28, 2007, CFP notified Platinum that it had concerns that Platinum's work would not be completed by March 12, 2007.

12. On March 5, 2007, there was a significant water leak to the newly completed areas of the project. CFP notified Platinum of the leak and other material defects in its performance that CFP had discovered.

13. Platinum failed to respond to CFP's notifications and failed to complete its required work by March 12, 2007.

14. On or about March 9, 2007, a government inspector determined that Platinum had only completed approximately 85.5% of the work for which it had contracted.

15. Platinum failed to respond and had abandoned the job site.

16. By letter dated March 19, 2007, CFP terminated its agreement withPlatinum.

17. On or about April 2007, the government inspector determined that its initial estimate of Platinum's work being 85.5% complete was in error and, in fact, at that point it was determined to be only 70-75% complete.

18. CFP has incurred additional expenses to correct the faulty work performed by Platinum and to finish the work Platinum failed to complete.

## COUNT I
### (Breach of Contract)

19. The allegations of paragraphs 1-17 are incorporated herein by this reference.

20. The parties entered into an Agreement.

21. Platinum breached the Parties' Agreement by failing to perform the services required of it pursuant to the Parties' Agreement. Platinum has been and continues to be

22. CFP performed its obligations under the Parties' Agreement.

23. As a result of Platinum's breaches of contract, CFP has been and continues to be damaged. The amount of such damages will be determined at trial but, to date, it is at least in the amount of $ 400,000.00.

WHEREFORE, CFP demands judgment (1) that the Complaint be dismissed, with prejudice, (2) that judgment be entered in favor of CFP and against Platinum, (3) that CFP recover from Platinum a sum of at least $ 400,000 on its counterclaim together with interest thereon, that CFP be awarded its attorneys' fees and costs in defending this action

and prosecuting its counterclaim together with such other and further relief which the

Court may deem just and proper.

DE LUCA & FORSTER

By: _____

THOMAS G. DE LUCA ( TDL 6312)
Attorneys for Defendant _Counterclaimant
CFP Group, Inc.
11 Commerce Drive
Cranford, New Jersey 07016
Telephone (908) 931-1100
Facsimile (908) 272-2670


AND


Lori Vaughn Ebersohl
LORI VAUGHN EBERSOHL, PLLC
252 North Washington Street
Falls Church, VA  2204
Telephone (703) 534-4440
Facsimile (703) 534-4450

11

EXHIBIT "A"



# THE CFP GROUP
A Fire Protection Company

## PURCHASE ORDER

P.O. No.   2580-4 (A)
Date:      5/31/2006

TO:  Platinum Mechanical Contractors
     250 Greenwich Avenue
     Goshen, NY 10924

Attn: Chip Knapp
Tel: 845-294-4046
Fax: 845-294-5063
Ref: NY-ANG

| ITEM | QTY | UNIT | PART NUMBER & DESCRIPTION | COST CODE | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | 1 | | Per quote sent on 05/15/2006 | | | |
| | | | We will furnish all supervision, labor, materials, tools and equipment | | | |
| | | | to complete all plumbing and HVAC work | | | $609,785.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | Payment is net 15 days or 5 days after we receive payment (which ever comes last) | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | **Notes:** | | | |
| | | | a. Any additional charges not included in this P.O. must be approved by The CFP Group | | | |
| | | | b. Prior to payment, certified payrolls are required. | | | |
| | | | c. Invoices are due the 1st of each month. | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | per hr | Total: $609,785.00 |

SHIP TO: _____

Ship: _____ Via: _____

SHIPMENT MUST BE RECEIVED BY: _____

Requistioned by:   Roberto Clark
Charge:            Job# 2580
                   NY-ANG

MAIL 2 COPIES OF INVOICE AT TIME OF SHIPMENT

SHOW THE NO. OF THIS PURCHASE ORDER ON ALL
INVOICES AND DELIVERY MEMORANDUMS

IF SHIPPING IS OVER $100.00 PROVIDE A COPY
OF THE ORIGINAL FREIGHT BILL WITH THE INVOICE

MSDS INFORMATION IS REQUIRED

SHIP TO ATTN: _____
    Using: _____
Term: Net 30 Days upon approval of invoice
Certified payrolls required with invoices.
All Materials Furnished Under This Purchase Order Shall Be Of
Quality Meeting U.S. Government Specifications & Requirements.

BILL TO:
The CFP Group (Attn: Roberto Clark)
1921 Gallows Rd, Suite 380
Vienna, VA 22182
    Phone: (301) 525-3019
    Fax: (703) 752-3258

AUTHORIZED SIGNATURE



**THE CFP GROUP**
A Fire Protection Company

**PURCHASE ORDER**

P.O. No.    2580-4 (B)
Date:        5/31/2006

TO:    Platinum Mechanical Contractors
        250 Greenwich Avenue
        Goshen, NY 10924

Attn: Chip Knapp
Tel: 845-294-4048
Fax: 845-294-5063
Ref: NY-ANG

| ITEM | QTY | UNIT | PART NUMBER & DESCRIPTION | COST CODE | UNIT PRICE | AMOUNT |
|------|-----|------|--------------------------|-----------|------------|--------|
| 1 | 1 | | Per quote sent on 05/15/2006 | ' | | |
| | | | | | | |
| | | | HVAC Equipment | | | $489,461.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | *Payment is net 15 days or 5 days after we receive payment (which ever comes last)* | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | *Notes:* | | | |
| | | | *a. Any additional charges not included in this P.O. must be approved by The CFP Group* | | | |
| | | | *b. Prior to payment, certified payrolls are required.* | | | |
| | | | *c. Invoices are due the 1st of each month.* | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | per hr | Total: | $489,461.00 |

SHIP TO: _____

Ship: _____ Via: _____
SHIPMENT MUST BE RECEIVED BY:

Requistioned by:    Roberto Clark
Charge:              Job# 2580
                     NY-ANG

MAIL 2 COPIES OF INVOICE AT TIME OF SHIPMENT

SHOW THE NO. OF THIS PURCHASE ORDER ON ALL
INVOICES AND DELIVERY MEMORANDUMS

IF SHIPPING IS OVER $100.00 PROVIDE A COPY
OF THE ORIGINAL FREIGHT BILL WITH THE INVOICE

MSDS INFORMATION IS REQUIRED

SHIP TO ATTN: _____
Using: _____
Term: Net 30 Days upon approval of invoice
Certified payrolls required with invoices.
All Materials Furnished Under This Purchase Order Shall Be Of
Quality Meeting U.S. Government Specifications & Requirements.

BILL TO:
The CFP Group (Attn: Roberto Clark)
1921 Gallows Rd, Suite 380
Vienna, VA 22182
  Phone: (301) 523-3019
  Fax: (703) 752-3268

AUTHORIZED SIGNATURE