UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE UNTIED STATES FOR THE USE AND BENEFIT      Case # 07 civ. 3318
OF PLATINUM MECHANICAL, LLC,

                          Plaintiff,

       -against-

                                                     ANSWER AND
                                                     AFFIRMATIVE
                                                     DEFENSES

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and         JUDGE BRIEANT
CFP GROUP, INC.                                             ECF CASE

                        Defendants.

------------------------------------------------------------------------X

Defendants, United States Surety Company and US Specialty Insurance Company (the "Surety Companies"), by their undersigned counsel, as and for their answer to the Complaint, respectfully show and allege:

## NATURE OF THE ACTION

1. Deny the allegations contained in paragraph "1" of the complaint except admit the execution of a certain purchase order and beg leave to refer to the contents thereof for its true meaning and intent.

2. Deny the allegations contained in paragraph "2" of the complaint except admit the execution of a certain written instrument and beg leave to refer to the contents thereof for its true meaning and intent.

3. Deny the allegations contained in paragraph "3" of the complaint

4. Deny the allegations contained in paragraph "4" of the complaint except admit that the use plaintiff commenced this action and beg leave to refer to the pleadings filed herein for their true meaning and intent.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph "5" are legal conclusion to which no response is necessary.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the complaint.

7. Deny the allegations contained in paragraph "7" of the complaint except admit that CFP is a corporation organized under the laws of the State of Maryland.

8. Deny the allegations contained in paragraph "8" of the complaint except admit that certain work was performed within the Southern District of New York.

9. In response to the allegations contained in paragraph "9" of the complaint, which is a demand for trial by jury, no response is necessary.

## PARTIES

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the complaint..

11. Admit the allegations contained in paragraph "11" of the complaint.

12. Admit the allegations contained in paragraph "12" of the complaint

13. Admit the allegations contained in paragraph "13" of the complaint except deny the alleged location of the principal place of business. are .

## COUNT ONE

14. In response to the allegations repeated and realleged in paragraph "14" of the complaint, the Surety Companies repeat their answers to the said allegations as if set forth herein at length.

15. Deny the allegations contained in paragraph "15" of the complaint except admit that CFP entered into a certain written agreement with the United States of America and beg leave to refer to the contents of the said agreement for its true intent and meaning.

16. Deny the allegations contained in paragraph "16" of the complaint, except admit, that CFP issued a certain written purchase order to Platinum and beg leave to refer to the contents of said agreement for its true meaning and intent. .

17. Deny the allegations contained in paragraph "17" of the complaint except admit that the use plaintiff did perform, incorrectly, certain extra work.

18. Deny the allegations contained in paragraph "18" of the complaint.

19. Deny the allegations contained in paragraph "19" of the complaint.

20. Deny the allegations contained in paragraph "20" of the complaint.

21. Deny the allegations contained in paragraph "21" of the complaint.

## COUNT TWO

22. In response to the allegations repeated and realleged in paragraph "22" of the complaint, the Surety Companies repeat their answers to the said allegations as if set forth herein at length.

23. Deny the allegations contained in paragraph "23" of the complaint.

24. Deny the allegations contained in paragraph "24 of the complaint except admit that CFP has made payments to the use plaintiff in the sum of at least $ 940,056.40.

25. Deny the allegations contained in paragraph "25" of the complaint..

26. Deny the allegations contained in paragraph "26" of the complaint.

## COUNT THREE

27. In response to the allegations repeated and realleged in paragraph "27" of the complaint, the Surety Companies repeat their answers to the said allegations as if set forth herein at length.

28. Deny the allegations contained in paragraph "28" of the complaint except admit that CFP entered into a certain written agreement with the United States of America and beg leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

29. Deny the allegations contained in paragraph "29" of the complaint except admit that they executed a certain written instrument and beg leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

30. Admit, upon information and belief, the allegations contained in paragraph "30" of the complaint.

31. Deny the allegations contained in paragraph "31" of the complaint, except admit that CFP issued a certain purchase order to the use plaintiff and beg leave to refer to the said purchase order for its true meaning and intent.

32. Deny the allegations contained in paragraph "32" of the complaint except admit that the use plaintiff did perform, incorrectly, certain extra work.

33. Deny the allegations contained in paragraph "33" of the complaint.

34. Deny the allegations contained in paragraph "34" of the complaint except admit that the use plaintiff did perform certain work as set forth in the purchase order between the

4

parties and begs leave to refer to the contents of the said purchase order for its true meaning and intent.

35. Deny the allegations contained in paragraph "35" of the complaint .

36. Deny the allegations contained in paragraph "36" of the complaint.

37. Deny the allegations contained in paragraph "37" of the complaint except admit that the use plaintiff did perform certain work within the Southern District of New York

## COUNT FOUR

38. In response to the allegations repeated and realleged in paragraph "38" of the complaint, the Surety Companies repeat their answers to the said allegations as if set forth herein at length.

39. Deny the allegations contained in paragraph "39" of the complaint except admit that CFP entered into a certain written agreement with the United States of America and beg leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

40. Deny the allegations contained in paragraph "40" of the complaint except admit that they executed a certain written instrument and beg leave to refer to the terms and conditions of the said written agreement for its true meaning and intent.

41. Admit, upon information and belief, the allegations contained in paragraph "41" of the complaint.

42. Deny the allegations contained in paragraph "42" of the complaint, except admit that CFP issued a certain purchase order to the use plaintiff and beg leave to refer to the said purchase order for its true meaning and intent.

43. Deny the allegations contained in paragraph "43" of the complaint except admit that the use plaintiff did perform, incorrectly, certain extra work.

44. Deny the allegations contained in paragraph "44" of the complaint.

45. Deny the allegations contained in paragraph "45" of the complaint except admit that the use plaintiff did perform certain work as set forth in the purchase order between the parties and begs leave to refer to the contents of the said purchase order for its true meaning and intent.

46. Deny the allegations contained in paragraph "46" of the complaint .

47. Deny the allegations contained in paragraph "47" of the complaint.

48. Deny the allegations contained in paragraph "48" of the complaint except admit that the use plaintiff did perform certain work within the Southern District of New York

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

49  Platinum has failed to satisfy all of the conditions precedent necessary to establish entitlement to recovery pursuant to the terms of the subcontract and/or the subcontract performance bond.

## SECOND AFFIRMATIVE DEFENSE

50  The Plaintiff's claim is barred by its own breaches of the subcontract. The Sureties are entitled to and expressly reserve the right to raise any and all defenses available to their principal, CFP, arising pursuant to the terms of the subcontract, the prime contract, by operation of law, under or pursuant to the performance bond, or otherwise.

## THIRD AFFIRMATIVE DEFENSE

51. On information and belief, Platinum's claims are barred, in whole or in part, by estoppel.

## FOURTH AFFIRMATIVE DEFENSE

52. On information and belief, Platinum's claims are barred, in whole or in part, by waiver.

## FIFTH AFFIRMATIVE DEFENSE

53. On information and belief, Platinum's claims are barred, in whole or in part, by laches.

## SIXTH AFFIRMATIVE DEFENSE

54. On information and belief, Platinum's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

55. On information and belief, Platinum's claims are barred, in whole or in part, by its own negligence.

## EIGHTH AFFIRMATIVE DEFENSE

56 On information and belief, Platinum's claims are barred, in whole or in part, by accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

57. On information and belief, Platinum's claims are barred, in whole or in part, by release

## TENTH AFFIRMATIVE DEFENSE

58. Platinum's claims are barred by the doctrine of impairment of suretyship.

## ELEVENTH AFFIRMATIVE DEFENSE

59. The Surety Companies reserve the right to supplement these defenses as discovery reveals other potential defenses.

## TWELFTH AFFIRMATIVE DEFENSE

60. The Complaint fails to state a claim upon which relief may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

61. Because Platinum is the party in material breach of the agreement, it cannot sue for breach of contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

62. Platinum's claims are barred on account of its failure to mitigate its damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

63. Platinum's claims are barred by the counterclaim brought against it by CFP, is the allegations of which are incorporated herein by reference.


WHEREFORE, The Surety Companies demand judgment that the Complaint be dismissed, with prejudice, that judgment be entered in favor of these defendants and against Platinum, and that the defendants be awarded their attorneys' fees and costs in defending this action together with such other and further relief which the Court may deem just and proper.

DE LUCA & FORSTER

By: /s/ Thomas G. De Luca
THOMAS G. DE LUCA (TDL 6312)
Attorneys for Defendants
United States Surety Company and
US Specialty Insurance Company
11 Commerce Drive
Cranford, New Jersey 07016
Telephone (908) 931-1100
Facsimile (908) 272-2670

AND

Lori Vaughn Ebersohl
LORI VAUGHN EBERSOHL, PLLC
252 North Washington Street
Falls Church, VA 2204
Telephone (703) 534-4440
Facsimile (703) 534-4450