UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT     Case # 07 civ. 3318 (CLB)(LMS)
OF PLATINUM MECHANICAL, LLC,

       Plaintiff,

  -against-           **REPLY TO AMENDED**
                 **COUNTERCLAIM**

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and

CFP GROUP, INC.

       Defendants.

CFP GROUP, INC.,

  -against-

UTICA MUTUAL INSURANCE COMPANY.

  Additional Defendant on the Counterclaim

------------------------------------------------------------------x

  Additional Defendant on the Counterclaim, Utica Mutual Insurance Company ("Utica Mutual"), by its attorneys, Mound, Cotton, Wollan & Greengrass for its reply to the Amended Counterclaim herein, alleges upon information and belief as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" and "2" of the Amended Counterclaim.

  2. Admits the allegations contained in paragraph "3" of the Amended Counterclaim.

  3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4," "5," "6," "7," "8," "9," and "10" of the Amended Counterclaim.

1

4.  Denies the allegations contained in paragraph "11" of the Amended Counterclaim except admits the execution and delivery of a Performance Bond and a Payment Bond and respectfully begs leave to refer to the originals for their content.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "12," "13," "14," "15," "16," "17," "18," "19," and "20" of the Amended Counterclaim.

6.  Answering paragraph "21" of the Amended Counterclaim, repeats and realleges each and every response to the paragraphs referred to as if more fully set forth herein.

7.  Denies the allegations contained in paragraph "22" of the Amended Counterclaim as to Utica Mutual and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "23," "24," and "25" of the Amended Counterclaim.

9.  Answering paragraph "26" of the Amended Counterclaim, repeats and realleges each and every response to the paragraphs referred to as if more fully set forth herein.

10. Denies the allegations contained in paragraph "27" of the Amended Counterclaim, except admits issuance of a Performance Bond and a Payment Bond and respectfully begs leave to refer to the originals for their content.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "28" and "29" of the Amended Counterclaim.

12. Denies the allegations contained in paragraph "30" of the Amended Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

13.  The Performance Bond issued by Utica Mutual provides as follows:

3 If there is no Owner Default, the Surety's obligation under this Bond shall arise after:

3.1 The Owner has notified the Contractor and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a contractor Default; and

3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and

3.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

14.  CFP Group, Inc. ("CFP") did not notify the Contractor and the Surety, at its stated address, that CFP was considering declaring a Contractor Default.

15.  CFP did not request and attempt to arrange a conference with the Contractor and Surety to be held not later than fifteen days after giving notice, to discuss methods of performing the Construction Contract.

16.  CFP declared a "Contractor Default" prior to the time prescribed in Paragraph 3.2 and without giving notice as prescribed in Paragraph 3.1.

17.  CFP did not agree to pay the Balance of the Contract Price to the Surety or otherwise as prescribed in Paragraph 3.3.

18. By reason of each of the foregoing breaches of the conditions of Paragraph 3, Utica Mutual has no liability herein.

### SECOND AFFIRMATIVE DEFENSE

19. The Performance Bond issued by Utica Mutual provides as follows:

> 4 When the Owner has satisfied the conditions of Paragraph 3, the Surety shall promptly and at the Surety's expense take one of the following actions:
>
> 4.1 Arrange for the Contractor, with the consent of the Owner, to perform and complete the Construction Contract; or
>
> 4.2 Undertake to perform and complete the Construction Contract itself, through its agents or through independent contractors; or
>
> 4.3 Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and the contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Paragraph 6 in excess of the Balance of the Contract Price incurred by the Owner resulting from the Contractor's default; or
>
> 4.4 Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:
>
>> .1 After investigation, determine the amount for which it may be liable to the Owner and, as soon as practicable after the amount is determined, tender payment therefor to the Owner; or
>>
>> .2 Deny liability in whole or in part and notify the Owner citing reasons therefor.

20. CFP did not satisfy the conditions of Paragraph 3.

21. By reason of the foregoing, Utica Mutual has no liability herein.

## THIRD AFFIRMATIVE DEFENSE

22. If Utica Mutual is held liable to CFP, then in that event, Utica Mutual will be entitled to a set-off of the sums owed by CFP to Platinum Mechanical, LLC ("Platinum") under the Construction Contract.

## FOURTH AFFIRMATIVE DEFENSE

23. Utica Mutual incorporates by reference herein and adopts each and every defense to the Amended Counterclaim asserted by its Principal, Platinum Mechanical, LLC.

## FIFTH AFFIRMATIVE DEFENSE

24. The Payment Bond issued by Utica Mutual provides as follows:

15  DEFINITIONS

15.1  Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

25. CFP is not a "Claimant" as defined in the above quoted provision of the Payment Bond.

26. CFP accordingly lacks standing to make claim for any sum due under the Payment Bond.

27. By reason of the foregoing Utica Mutual has no liability herein.

## SIXTH AFFIRMATIVE DEFENSE

28. The claim(s) asserted against Utica Mutual are premature in whole or in part.

29. By reason of the foregoing Utica Mutual has no liability herein.

## SEVENTH AFFIRMATIVE DEFENSE

30. The Court lacks jurisdiction of the person of Utica Mutual.

31. By reason of the foregoing Utica Mutual has no liability herein.

## EIGHTH AFFIRMATIVE DEFENSE

32. The Amended Counterclaim fails to state a claim against Utica Mutual upon which relief can be granted.

33. By reason of the foregoing Utica Mutual has no liability herein.

WHEREFORE, Additional Defendant on the Counterclaim, Utica Mutual Insurance Company, demands judgment dismissing the Amended Counterclaim, together with attorney's fees, costs and disbursements of this action together with such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
      October 9, 2007

MOUND COTTON WOLLAN & GREENGRASS

By: _____
    John Mezzacappa (JM1266)
Attorneys for Additional Defendant on the Counterclaim
Utica Mutual Insurance Company
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

To:
Thomas G. De Luca (TDL 6312)
Attorneys for Defendant - Counterclaimant
CFP Group, Inc.
11 Commerce Drive
Cranford, New Jersey 07016
Telephone (908) 931-1100
Facsimile (908) 272-2670

    -and-

Lori Vaughn Ebersohl
LORI VAUGHN EBERSOHL, PLLC
252 North Washington Street
Falls Church, VA 2204
Telephone (703) 534- 4440
Facsimile (703) 534-4450

Paul G. Ryan (PR-2374)
WELBY, BRADY & GREENBLATT, LLP
Attorneys for Plaintiff
Platinum Mechanical, LLC
11 Matrine Avenue
White Plains, New York 10606
Telephone (914) 428-2100
Facsimile (914) 428-2172

STATE OF NEW YORK      )
                                           ) ss.:
COUNTY OF NEW YORK  )

TONI COCUZZO, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and located in New York, New York.

That on October 9, 2007, deponent served the within **REPLY TO AMENDED COUNTERCLAIM** upon:

Thomas G. DeLuca, Esq.
11 Commerce Drive
Cranford, New Jersey 07016

-and-

Lori Vaughn Ebersohl, Esq.
Lori Vaughn Ebersohl, PLLC
252 North Washington Street
Falls Church, VA 2204

Paul G. Ryan, Esq.
Welby, Brady & Greenblatt, LLP
11 Martrine Avenue
White Plains, New York 10606

at the address designated by said attorney and/or party for that purpose, by depositing the same, enclosed in a postpaid, properly addressed envelope directed to said persons at the above address, in an official depository under the exclusive care and custody of the U.S. Post Office.

_____
TONI M. COCUZZO

Sworn to before me on
October 9, 2007

_____
Notary Public

KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20__