UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT
OF PLATINUM MECHANICAL, LLC,

Case # 07 civ. 3318 (CLB)(LMS)

Plaintiff,

-against-

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and

CFP GROUP, INC.

AFFIDAVIT OF PATRICK RYAN
IN SUPPORT OF DEFENDANT
UTICA MUTUAL INSURANCE
COMPANY'S MOTION FOR
SUMMARY JUDGMENT

Defendants.

CFP GROUP, INC.,

-against-

UTICA MUTUAL INSURANCE COMPANY.

Additional Defendant on the Counterclaim
------------------------------------------------------------------------x

**PATRICK H. RYAN**, being duly sworn, deposes and says:

1.      I am a Staff Attorney employed by Utica Mutual Insurance Company ("Utica Mutual"),
one of the defendants in the above-entitled action and as such I am personally familiar with the
facts and circumstances set forth below.  I submit this affidavit in support of Utica Mutual's
motion for summary judgment.

2.      Plaintiff, Platinum Mechanical, LLC ("Platinum") instituted this action to recover
damages from United States Surety Company and US Specialty Insurance Company ("Sureties"),
as sureties,  and CFP Group Inc. ("CFP") as principal, in connection with Contract # W912PQ-
06-C-0004, Repair Hangar 100 at Steward Air National Guard Base known as ("the Project"), for
CFP's alleged failure to pay Platinum for labor and materials provided to the Project.

3.    CFP filed an Amended Answer and Counterclaim naming Utica Mutual as an additional defendant on the counterclaim. In essence, the counterclaim alleges that CFP incurred expenses to complete and correct the work that was to be performed by Platinum on the Project. CFP asserts its claim against Utica Mutual as surety of Platinum.

4.    On or about July 12, 2006, Platinum as Contractor/Principal, and Utica Mutual, as Surety, executed and delivered their performance and payment bonds to CFP, as Owner/Obligee. True and complete copies of the relevant Performance Bond and Payment Bond are annexed as Exhibits A and Exhibit B respectively.

5.    The Performance Bond describes the name and location of the Construction Contract as "HVAC Work at Stewart Air National Guard Base, Newburgh, NY."

6.    The bond number for the relevant Performance Bond is SU3950828.

7.    The Performance Bond issued by Utica Mutual provides:

> 3 If there is no Owner Default, the Surety's obligation under this Bond shall arise after:
>
> 3.1 The Owner has notified the Contractor and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract; and
>
> 3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and
>
> 3.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

(Exhibit A).

2

8.    The Performance Bond issued by Utica Mutual further provides as follows:

> 4 When the Owner has satisfied the conditions of Paragraph 3, the Surety shall promptly and at the Surety's expense take one of the following actions

that are prescribed in Paragraph 4 of the Performance Bond.

9.    The Surety's address per Paragraph 10 of the Performance Bond is:

> Utica Mutual Insurance Company
> 180 Genesee Street
> New Hartford, New York 13413

10.    By letter dated March 19, 2007 (Exhibit C), CFP gave Platinum formal notice that it was in default under the terms of the Project and terminated Platinum's services and Contract, as further recounted in the March 28, 2007 letter authored by counsel for CFP (Exhibit D).

11.    As stated in Exhibit D, Platinum was barred from the job site as of March 12, 2007.

12.    By letter dated May 2, 2007 (Exhibit E), CFP gave first notice to Utica Mutual at its stated address that CFP had found Platinum "in default under a contract supported by a performance bond issued by your company."

13.    CFP did not give pre-default notice to either Platinum or Utica Mutual twenty days prior to giving a formal notice of default as required under Paragraphs 3.1 and 3.2 of the Performance Bond.

14.    CFP did not "request[ ] and attempt[ ] to arrange a conference with the Contractor and the Surety . . . to discuss methods of performing the Construction Contract" as required under Paragraph 3.1 of the Performance Bond.

15.    CFP did not pay the contract balance to Utica Mutual or to a contractor selected to complete the construction contract as required under Paragraph 3.3 of the Performance Bond.

16.     Rather, CFP first summarily declared a default, unilaterally terminated Platinum's contract, and barred Platinum from the job site, and only later notified Utica Mutual of the default long after the fact.

17.     By letter of May 14, 2007 (Exhibit F), I acknowledged receipt of the May 2, 2007 letter and specifically reserved Utica's rights by reason of the lack of proper notice.

18.     By letter of August 23, 2007 (Exhibit G), CFP submitted its claim under the Performance Bond No. 3950828.

19.     By letter of September 12, 2007 (Exhibit H), Utica Mutual declined liability to CFP under its Performance Bond because CFP failed to comply with the notification and other specified requirements of Paragraph 3 of the Performance Bond, that are conditions precedent to Utica Mutual's obligations, as stated in Paragraphs 3 and 4 of the Performance Bond.

20.     The bond number for the relevant Payment Bond also is SU3950828.

21.     Under its Payment Bond, Utica is obligated to make payment "for all sums due claimants" and to defend, indemnify and hold harmless the Owner from claims "for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract."

22.     The Payment Bond defines a "claimant" as "an individual or entity having a direct contract with the Contractor [Platinum] or with a subcontractor of the Contractor [Platinum] to furnish labor, materials or equipment for use in the performance of the Contract."

23.     CFP is not a claimant as defined, because CFP neither had a direct contract with Platinum nor with a subcontractor of Platinum to furnish labor, materials or equipment for use in the performance of the Contract.  To the contrary, CFP is the "Owner" listed in the bond.

24.    CFP accordingly has no standing to make any claim for payment under the Payment Bond.

25.    CFP has never notified the Surety (Utica Mutual) of any claim, demand, lien or suit by any claimant, nor did CFP tender to Utica Mutual defense of any such claim, demand, lien or suit.    Accordingly, there are no outstanding claims for defense and indemnity by CFP with respect to the Payment Bond.

26.    For these reasons, Utica Mutual's obligations did not arise under the Performance Bond, and CFP has no present claim under the Payment Bond.    Utica Mutual's motion for summary judgment therefore should be granted in all respects.

_____
PATRICK H. RYAN

Sworn to before me this
19th day of October , 2007

_____
Notary Public

MARY E JOHNSON
Notary Public, State of New York
REG #02JO6065310
Appointed in Herkimer County
My Commission Expires Oct. 15 2009