# EXHIBIT "B"

AIA Document A312

# Payment Bond

SU3950828

Conforms with the American Institute of Architects, AIA Document A312.
Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

CONTRACTOR (Name and Address):
Platinum Mechanical, LLC
250 Greenwich Ave
Goshen, New York 10924

SURETY (Name and Principal Place of Business):
Utica Mutual Insurance Company
180 Genesee Street
New Hartford, New York 13413

OWNER (Name and Address):
The CFP Group
1921 Gallows Road, Suite 380
Vienna, VA 22182

CONSTRUCTION CONTRACT
   Date: July 10 2006
   Amount: Six Hundred Nine Thousand Seven Hundred Eighty Five Dollars and 00/100————————
      ($609,785.00)
   Description (Name and Location): HVAC Work at Stewart Air National Guard Base in Newburgh, NY

BOND
   Date( Not earlier than Construction Contract Date): July 12 2006
   Amount: Six Hundred Nine Thousand Seven Hundred Eighty Five Dollars and 00/100————————
      ($609,785.00)
   Modifications to this Bond:       ☒ None        ☐ See Page 2

CONTRACTOR AS PRINCIPAL
Company: Platinum Mechanical, LLC    (Corporate Seal)
Signature: _____
Name and Title:
(Any additional signatures appear on page 2.)
(FOR INFORMATION ONLY - Name, Address and
Telephone) AGENT or BROKER: Atlynx Surety Brokers, LLC
777 Zeckendorf Blvd.
Garden City, NY 11530

SURETY
Company: Utica Mutual Insurance Company    (Corporate Seal)
Signature: _____
Name and Title: Tara Laverdiere
Attorney-in-Fact
OWNER'S REPRESENTATIVE (Architect, Engineer or other party):

1    The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference.

2    With respect to the Owner, this obligation shall be null and void if the Contractor:

   2.1 Promptly makes payment, directly or indirectly, for all sums due Claimants, and

   2.2 Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, and provided there is no Owner Default.

3    With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly or indirectly, for all sums due.

4    The Surety shall have no obligation to Claimants under this Bond until:

   4.1 Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

   4.2 Claimants who do not have a direct contract with the Contractor:

      .1 Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

SURETY 5026 (6-92)
S-1853/GEEF 3/00

Page 1 of 2

.2 Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3 Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

5  If a notice required by paragraph 4 is given by Owner to the Contractor or to the Surety, that is sufficient compliance.

6  When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

6.1 Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

6.2 Pay or arrange for payment of any undisputed amounts.

7  The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

8  Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

9  The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this bond no obligations to make payments to, give notices on behalf of, or otherwise have obligations to Claimants under this Bond.

10  The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

11  No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

12  Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page. Actual receipt of notice by Surety, the Owner or the Contractor, however accomplished, shall be sufficient compliance as of the date received at the address shown on the signature page.

13  When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

14  Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

15  **DEFINITIONS**

15.1 Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

15.2 Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

15.3 Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

| CONTRACTOR AS PRINCIPAL | | SURETY | |
|---|---|---|---|
| Company: _____ | (Corporate Seal) | Company: _____ | (Corporate Seal) |
| Signature: _____ | | Signature: _____ | |
| Name and Title: _____ | | Name and Title: _____ | |
| Address: _____ | | Address: _____ | |

Individual Acknowledgment

State of _____

County of_____

On this _____ day of _____, 19____, before me personally came _____ to me known, and known to me to be the individual in and who executed the foregoing instrument, and acknowledged to me that he/she executed the same.

My commission expires_____     _____
                                                Notary Public

---

Corporation Acknowledgment

State of _____

County of _____

On the ____ day of _____ of the year _____ before me personally came _____ _____ to me known; who being by me duly sworn, did depose and say that he/she/they reside(s) in _____ that he/she/they is (are) the _____ of the _____, the corporation described in and which executed the above instrument; that he/she/they know(s) the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by authority of the board of directors of said corporation, and that he/she/they signed his/her/their name(s) thereto by like authority.

---

Surety Acknowledgment

State of __New York_____

County of __Nassau_____

On the __12__ day of __July 2006__ personally came __Tara Laverdiere__ to me known, who being by me duly sworn did depose and say that he/she is an Attorney-in-Fact of __Utica Mutual Insurance Company__ in and which executed the above Instrument know(s) the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he/she/they signed the said instrument and affixed the said seal as Attorney-in-fact by authority of the Board of Directors of said corporation and by authority of this office under the standing resolution thereof.

My commission expires _____     _____
                                                    Notary Public

Jaclyn Perez
Notary Public, State of New York
No. 01PE6091540
Qualified in Suffolk County
Commission Expires 4/28/2007

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND - NOT A WHITE BACKGROUND THE BACK OF THIS DOCU

# UTICA MUTUAL INSURANCE COMPANY
### NEW HARTFORD, NEW YORK

EXPIRATION DATE March 31, 2007

## POWER OF ATTORNEY

Know all men by these Presents, the UTICA MUTUAL INSURANCE COMPANY, as a New York Corporation, having its principal office in the Town of New Hartford, County of Oneida, State of New York, does hereby make, constitute and appoint Louis J. Spina, Frank Abbatiello, Denese Thompson, Kim Spinello, Tara Laverdiere, Anthony J. Panno, Philip Samuels, Jaclyn Aponte, Nicole Gruter all of Garden City, New York its true and lawful Attorney(s)-in-fact in their separate capacity if more than one is named above to make, execute, sign, seal and delivery for and on its behalf as surety and as its act and deed (without power of redelegation) any and all bonds and undertakings and other writings obligatory in the nature thereof (except bonds guaranteeing the payment of principal and interest of notes, mortgage bonds and mortgages) provided the amount of no one bond or undertaking exceeds: Four Million and 00/100 Dollars ($4,000,000.00).

The execution of such bonds and undertakings shall be as binding upon said UTICA MUTUAL INSURANCE COMPANY as fully and to all intents and purposes as if the same had been duly executed and acknowledged by its regularly elected officers and its Home Office in New Hartford, New York.

This Power of Attorney is granted under and by authority of the following resolution adopted by the Directors of the UTICA MUTUAL INSURANCE COMPANY on the 27th day of November, 1961.

"Resolved, that the President or any Vice-President, in conjunction with the Secretary or any Assistant Secretary, be and they are hereby authorized and empowered to appoint Attorneys-in-fact of the Company, in its name and as its acts, to execute and acknowledge for and on its behalf as Surety any and all bonds, recognizances, contracts of indemnity and all other writings obligatory in the nature thereof, with power to attach thereto the seal of the Company. Any such writings so executed by such Attorneys-in-fact shall be binding upon the Company as if they had been duly acknowledged by the regularly elected Officers of the Company in their own proper persons."

"No Therefore, the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney by a facsimile, and any such Power of Attorney bearing such facsimile signatures or seal shall be valid and binding upon the Company."

In Witness Whereof, the UTICA MUTUAL INSURANCE COMPANY has caused these presents to be signed by its Authorized Officers, this 26th day of August, 2005.

_____  
Secretary

UTICA MUTUAL INSURANCE COMPANY

_____  
Vice President

STATE OF NEW YORK } ss:  
COUNTY OF ONEIDA

On this 26th day of August, 2005, before me, a Notary Public in and for the State of New York, personally came DANIEL D. DALY and GEORGE P. WARDLEY to me known, who acknowledged execution of the preceding instrument and, being by me duly sworn, do depose and say, that they are Vice President and Secretary respectively of UTICA MUTUAL INSURANCE COMPANY; and that the seal affixed to said instrument is the corporate seal of UTICA MUTUAL INSURANCE COMPANY; and that the said corporate seal is affixed and their signatures subscribed to said instrument by authority and order of the Board of Directors of said Corporation.

In Testimony Whereof, I have hereunto set my hand at New Hartford, New York, the day and year first above written.

_____  
Notary Public

STATE OF NEW YORK } ss:  
COUNTY OF ONEIDA

I, _____George P. Wardley_____, Secretary of the Utica Mutual Insurance Company do hereby certify that the foregoing Power of Attorney executed by said Utica Mutual Insurance Company and the above-quoted Resolutions of the Board of Directors adopted November 27, 1961 are still in full force and effect.

In Witness Whereof, I have hereunto set my hand and affixed the Seal of the said Corporation at New Hartford, New York, this ___12___ day of ___July___, 20_06_.

_____  
Secretary

BACKGROUND THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT ANGLE TO VIEW THI

## UTICA MUTUAL INSURANCE COMPANY

### FINANCIAL STATEMENT AS OF DECEMBER 31, 2005

| ASSETS | | LIABILITIES AND SURPLUS | |
|---|---:|---|---:|
| U.S. Governmental Direct Guaranteed Bonds | $ 99,456,164 | Reserve for all Losses | $ 802,765,216 |
| All Other Bonds | 1,396,160,690 | Unearned Premiums | 275,944,456 |
| Stocks | 198,523,312 | Reserve for Claim Expenses | 233,575,968 |
| Mortgages | 0 | Dividends | 11,872,686 |
| Cash | 11,073,470 | Taxes Accrued | 22,397,523 |
| Equities & Deposits in Pools and Associations | 8,252,763 | Federal Income Tax | 0 |
| Premiums in Course of Collection | 131,821,294 | Amounts Withheld on Account of Others | 8,869,272 |
| Interest Due and Accrued | 17,491,063 | Provision for Reinsurance | 20,711,291 |
| Other Admitted Assets | 188,612,170 | Miscellaneous Accounts Payable | 87,237,586 |
| **Total Admitted Assets** | **$ 2,051,390,926** | **Total Liabilities** | **$1,463,373,996** |

Surplus Funds

| | | |
|---|---:|---:|
| Dividend Reserve | $ 4,006,849 | |
| General Voluntary Reserve | 1,500,000 | |
| Special Contingent Surplus | 1,700,000 | |
| Divisible Surplus | 580,810,081 | |
| Surplus as Regards Policyholders | | 588,016,930 |
| **Total** | $ | 2,051,390,926 |

STATE OF NEW YORK
COUNTY OF ONEIDA        ss:

Brian P. Lytwynec, President & COO of the UTICA MUTUAL INSURANCE COMPANY, New Hartford, New York, being duly sworn, says that he is the above described officer of said Corporation, and that on the 31st day of December, 2005, all of the assets shown above were the absolute property of the said Corporation, free and clear from all liens or claims thereon except as above stated, and that the foregoing statement is a full and true exhibit of all assets and liabilities of the said Corporation at the close of business December 31, 2005, according to the best of his knowledge, information and belief.

Subscribed and sworn to before me the 14th day of March, 2006.

*Rosemary Wadas*
Notary Public in the State of New York
Appointed in Oneida County
My Commission Expires April 30, 2006        Attest

*[signature]*
President & COO

*George P. Wardley*
Secretary

8-B-50  Ed. 03-2006