# EXHIBIT "D"

# Apatoff | Peters, LLC
ATTORNEYS AND COUNSELORS

1700 RESEARCH BLVD. SUITE 220
ROCKVILLE, MARYLAND 20850
TEL: 301.315.5825 FAX: 301.279.2819
www.apatoffpeters.com

March 28, 2007

<u>VIA FIRST CLASS MAIL</u>

Paul Ryan, Esq.
Welby, Brady & Greenblatt, LLP
Westchester Financial Center
11 Martine Avenue
White Plains, NY 10606

Re: <u>Termination of Contract Job #2580 NY-ANG; File No. 953.002</u>

Dear Mr. Ryan:

This firm is counsel to The CFP Group, Inc. ("CFP"). We are in receipt of your letter of March 21, 2007, written on behalf of Platinum Mechanical Contractors ("Platinum").

Platinum was to provide certain services to CFP as agreed between Platinum and CFP by and through purchase orders 2580-4(A) and 2580-4(B) (the "Purchase Orders"), attached as <u>Exhibit A</u>. The Purchase Orders arose from the request for proposals ("RFP"), posted at www.nationalguardcontracting.org (the "RFP Site"), and Platinum's response to the RFP by the letter of Chip Knapp to CFP dated May 15, 2006 (the "Platinum Quote"). The records from the RFP Site document that not later than March 5, 2006, Platinum accessed the RFP Site and had registered as a "planholder" for the RFP Site in order for Platinum to submit a proposal under contract NY-ANG (the "Contract") to be awarded by the Departments of the Army and the Air Force National Guard Bureau (the "Agencies"). The 270 day duration of the Contract was set forth on the RFP Site.

The Platinum Quote stated, with specificity, "we hereby propose to furnish all supervision, labor, materials, tools and equipment to complete all plumbing and HVAC work at the above referenced project, *according to all drawings, specs, and addendums*{sic}..." (emphasis added). The Contract duration of 270 days was listed on the RFP Site, and in the Contract and on Addendum 0004 of the Contract, both of which were accessed by Platinum through the RFP Site.

Prior to acceptance of any bids or proposals, the Agencies held a pre-Construction Conference on May 23, 2006 (the "Conference"). Chip Knapp attended the Conference on behalf of Platinum. At the Conference, a 2 page checklist was circulated to participants which explicitly listed the 270 day duration of the Contract.

The Agencies accepted CFP's proposal and issued a notice to proceed on June 14, 2006. CFP and its subcontractors proceeded to commence work in accordance with the terms of the Contract and all drawings, specifications and addenda thereto. By the terms of the Contract, including the requirement that all work be completed within 270 days, all work was to be completed by March 12, 2007.

On February 28, 2007, CFP notified Platinum, through Chip Knapp, that CFP had concerns that Platinum's work would not be completed by March 12, 2007, as required by the Contract and accepted by Platinum in the Purchase Orders. On March 5, 2007, there was a significant water leak to the newly completed areas of the project and CFP notified Platinum of such water leak and the material defects of performance under the Purchase Orders and the Contract. Platinum failed to respond to such notice and failed to perform the additional work due under the Contract and Purchase Orders by the due date of March 12, 2007.

On March 9, 2007, a government inspector determined that Platinum had completed approximately 85.5% of the work for which it had been contracted. Having not received a response from Platinum after giving notice of the water leak as of March 5, 2007, on March 12, 2007, CFP considered Platinum to be in default under the Purchase Orders, to have abandoned the job, and barred Platinum for the job site. By letter dated March 19, 2007, Platinum was terminated.

It is clear that Platinum was fully aware of the 270 day requirement for work to be completed under the Contract. Platinum accessed the RFP Site which set forth the 270 day requirement. The Platinum Quote specifically referenced all "drawings, specifications and addend{a}" related to the RFP as the basis for the Platinum Quote. The Purchase Orders incorporated by reference the Platinum Quote. Moreover, in your correspondence of March 21, 2007, you represented that your client believed the work was 97% complete as of March 12, 2007. As Platinum has represented that the work was 97% complete within the 270 day time frame, it is clear that Platinum's course of dealing supports its knowledge that all work was to be complete by March 12, 2007.

CFP estimates at present, that it will cost CFP in excess of Two Hundred Thousand Dollars ($200,000.00) to complete the work which should have been completed by Platinum under the Contract, Purchase Orders, and all drawings, specifications, and addenda. Until such time as CFP can complete the work not performed by Platinum, CFP will not make any further payments to Platinum. Given the defects in Platinum's workmanship, CFP continues to investigate to determine if the work allegedly completed by Platinum as invoiced in November and December 2006, was in fact, complete.

CFP reserves all rights at law, in equity and otherwise, including, without limitation, all rights to bring suit against Platinum for tortious interference with contract due to Platinum's failure to pay its subcontractors and its continued correspondence with the Agencies' supervisors, interfering in the contractual relationship between the Agencies and CFP. CFP demands that Platinum cease and desist from any and all

communication with the Agencies and reserves all rights to seek appropriate remedies for Platinum's conduct in this matter.

Regards,

Craig M. Peters, Esq.

Enclosures

Cc: Roberto Clark
President, The CFP Group, Inc.