# EXHIBIT "H"



Patrick H. Ryan, Esq.
Staff Attorney

P.O. Box 6558, Utica, New York 13504
Telephone: (315) 734-2419
FAX: (315) 734-2976
patrick.ryan@uticanational.com

September 12, 2007

Craig M. Peters, Esq.
Apatoff Peters, LLC
1700 Research Blvd. - Suite 220
Rockville, Maryland 20850

      Re:    The CFP Group, Inc. and Platinum Mechanical, LLC
             Bond No.:    3950828

Dear Mr. Peters:

This responds to your letter of August 23, 2007.

In your letter, written on behalf of The CFP Group, Inc., you present a claim to Utica Mutual Insurance Company under the Performance Bond listed in the above-caption. Paragraph 3 of the Performance Bond provides as follows:

      3      If there is no Owner Default, the Surety's obligation under this Bond shall arise after:

          **3.1**    The Owner has notified the Contractor and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted

to arrange a conference with the contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract.  If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default; and

3.2    The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract.  Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and

3.3    The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

Based upon our review of the file, Utica Mutual concludes that your client, The CFP Group, Inc., has breached the above quoted conditions precedent to the Surety's obligation under the bond. Specifically, your letter of May 2, 2007 was the first notification provided to Utica Mutual at the address specified in the bond in connection with the alleged claim. In your May 2, 2007 letter written on behalf of the owner, the CFP Group, you declared a Contractor Default. Moreover, in CFP Group's earlier letter of March 19, 2007 addressed to Platinum Mechanical, The CFP Group likewise declared a Contractor Default. Paragraph 3.2 above, however, expressly provides that such a Contractor Default "shall not be declared earlier than twenty days after the contractor and the Surety have received notice as provided in Subparagraph 3.1." [emphasis added]. The CFP Group never provided Utica Mutual with the notice required by Subparagraph 3.1, nor did The CFP Group ever request and attempt to arrange a conference with the Surety as required or otherwise satisfy any of the conditions of Subparagraph 3.1. Additionally, The CFP Group did not satisfy the conditions of Subparagraph 3.3 quoted above. By reason of the breach of these conditions, Utica Mutual has no obligation under the bond to The CFP Group. Be advised, therefore, that the claim described in your August 23, 2007 letter is hereby declined.

In the event there are any additional facts in your or your client's possession that you believe are pertinent to this determination, please feel free to submit them and we will give them full consideration.

As before, this, as well as all communications and activities with respect to this claim are subject to a full reservation of all rights and/or defenses under the bond or by law, including but not limited to, rights and/or defenses by reason of the lack of proper notice as set forth above.

Very truly yours,


Staff Attorney