UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT
OF PLATINUM MECHANICAL, LLC,

          Plaintiff,

   -against-

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and

CFP GROUP, INC.

          Defendants.

CFP GROUP, INC.,

   -against-

UTICA MUTUAL INSURANCE COMPANY.

   Additional Defendant on the Counterclaim
-------------------------------------------------------------------x

Case # 07 civ. 3318 (CLB)(LMS)

**LOCAL RULE**
**56.1 STATEMENT**

   Additional defendant on the Counterclaim, Utica Mutual Insurance Company ("Utica Mutual"), by its attorneys, MOUND, COTTON, WOLLAN & GREENGRASS, pursuant to Rule 56.1 of the Civil Rules of the Southern District of New York, in support of its motion for summary judgment submits this statement as to matters to which there are no genuine issues of fact.

   1.  The subject of this litigation as to Utica Mutual is CFP Group Inc.'s ("CFP") claims alleged under the Performance Bond and the Payment Bond issued by Utica Mutual (Amended Answer and Counterclaim).

   2.  The Performance Bond identifies the Surety as Utica Mutual, the Contractor/Principal as Platinum Mechanical LLC ("Platinum") and the Owner as CFP

(Affidavit of Patrick H. Ryan sworn to on October 19, 2007 [hereinafter "Ryan Aff."] Exhibit A).

3. The Performance Bond describes the name and location of the Construction Contract as "HVAC Work at Stewart Air National Guard Base, Newburgh, NY" (Ryan Aff. Exhibit A).

4. The Performance Bond issued by Utica Mutual provides as follows:

> 3 If there is no Owner Default, the Surety's obligation under this Bond shall arise after:
>
> 3.1 The Owner has notified the Contractor and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract.
>
> 3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and
>
> 3.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

(Ryan Aff. Exhibit A).

5. The Performance Bond issued by Utica Mutual provides as follows:

> 4 When the Owner has satisfied the conditions of Paragraph 3, the Surety shall promptly and at the Surety's expense take one of the following actions

that are prescribed in Paragraph 4 of the Performance Bond.

(Ryan Aff. Exhibit A)

6. On March 19, 2007, CFP sent a letter to Platinum stating that Platinum was in default under the contract (Ex. B ¶ 1). The letter stated in pertinent part "[t]his letter is to formally give you notice that Platinum Mechanical LLC ("Platinum"), is in default under the terms of the certain project agreement . . . at Steward [sic] Air National Guard Base" (Ryan Aff. ¶ 10 and Exhibit C).

7. By letter of March 19, 2007 letter CFP terminated Platinum's services and contract (Ryan Aff. ¶ 10 and Exhibits C and D).

8. CFP barred Platinum from the job site as of March 12, 2007 (Ryan Aff. ¶ 11 and Exhibit D).

9. By letter of May 2, 2007, CFP gave first notice to Utica Mutual at its stated address that Platinum was "in default under a contract that was supported by a performance bond issued by your company" (Ryan Aff. ¶ 12 and Exhibit E).

10. By letter of May 14, 2007 Utica Mutual acknowledged receipt of CFP's letter of May 2, 2007 and specifically reserved Utica Mutual's rights by reason of the lack of proper notice (Ryan Aff. ¶ 17 and Exhibit F).

11. CFP did not give pre-default notice to either Platinum or Utica Mutual twenty days prior to giving formal notice of default as required under Paragraphs 3.1 and 3.2 of the Performance Bond (Ryan Aff. ¶ 13 and Exhibit A).

12. CFP did not request and attempt to arrange a conference with Platinum and Utica Mutual within fifteen days of pre-default notice to discuss methods of performing the construction contract required by Paragraph 3.1 of the Performance Bond (Ryan Aff. ¶ 14 and Exhibit A).

13. CFP did not pay the contract balance to Utica Mutual or to a contractor selected to perform the construction contract as required by Paragraph 3.3 of the Performance Bond (Ryan Aff. ¶ 15 and Exhibit A).

14. Under its Payment Bond Utica Mutual is obligated to make payment for all sums due claimants (Ryan Aff. Exhibit B).

15. CFP is not a "claimant" as defined in the Payment Bond (Ryan Aff. ¶ 23 and Exhibit B).

16. CFP has never notified Utica Mutual of any claim, demand, lien, or suit by any "claimant" under the Payment Bond (Ryan Aff. ¶ 24 and Exhibit B).

17. There are no outstanding claims for defense and indemnity by CFP with respect to the Payment Bond (Ryan Aff. ¶ 24 and Exhibit B).

Dated: New York, New York
October 24, 2007

MOUND COTTON WOLLAN & GREENGRASS

By: _____
John Mezzacappa
Attorney for Additional Defendant on the Counterclaim
Utica Mutual Insurance Co.
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

To:

Thomas G. De Luca (TDL 6312)
Attorneys for Defendant - Counterclaimant
CFP Group, Inc.
11 Commerce Drive
Cranford, New Jersey 07016
Telephone (908) 931-1100
Facsimile (908) 272 -2670

-AND-

Lori Vaughn Ebersohl
LORI VAUGHN EBERSOHL, PLLC
252 North Washington Street
Falls Church, VA 2204
Telephone (703) 534- 4440
Facsimile (703) 534-4450

Paul G. Ryan (PR-2374)
WELBY, BRADY & GREENBLATT, LLP
Attorneys for Plaintiff
Platinum Mechanical, LLC
11 Matrine Avenue
White Plains, New York 10606
Telephone (914) 428-2100
Facsimile (914) 428-2172

- 5 -

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

    TONI M. COCUZZO, being duly sworn, deposes and says:

    That deponent is not a party to this action, is over the age of 18 years and located in New York, New York.

    That on October 24, 2007, deponent served the within **LOCAL RULE 56.1 STATEMENT** upon:

  Thomas G. De Luca (TDL 6312)
  Attorneys for Defendant - Counterclaimant
  CFP Group, Inc.
  11 Commerce Drive
  Cranford, New Jersey 07016

    -and-

  Lori Vaughn Ebersohl
  LORI VAUGHN EBERSOHL, PLLC
  252 North Washington Street
  Falls Church, VA 2204

  Paul G. Ryan (PR-2374)
  WELBY, BRADY & GREENBLATT, LLP
  Attorneys for Plaintiff
  Platinum Mechanical, LLC
  11 Matrine Avenue
  White Plains, New York 10606

at the address designated by said attorney and/or party for that purpose, by depositing the same, enclosed in a postpaid, properly addressed envelope directed to said persons at the above address, in an official depository under the exclusive care and custody of United States Post Office.

                   */s/ Toni M. Cocuzzo*
                   TONI M. COCUZZO

Sworn to before me on
October 24, 2007

*/s/ Kevin J. Brassil*
_____
Notary Public

    KEVIN J. BRASSIL
  Notary Public, State of New York
     No. 31-5018311
   Qualified in New York County
  Certificate Filed in New York County
  Commission Expires Sept. 27, 20__