UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

THE UNITED STATES FOR THE USE AND BENEFIT     Case # 07 civ. 3318
OF PLATINUM MECHANICAL, LLC,

                              Plaintiff,

                                                  **SUPPLEMENTAL RESPONSE**
-against-                                         **TO DEFENDANT'S FIRST SET**
                                                   **OF INTERROGATORIES**

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and
CFP GROUP, INC.

                              Defendants.

-----------------------------------------------------------------X

Plaintiff, The United States for the Use and Benefit of Platinum Mechanical, LLC, ("Platinum") by its undersigned counsel, hereby responds and objects to the First Set of Interrogatories served by Defendants United States Surety Company, et al.

### SPECIFIC OBJECTIONS AND RESPONSES

1.     Identify the person(s) answering these Interrogatories and for each person(s) identified, include his/her full name, residential address, business address, home telephone number, business telephone number and social security number.

**RESPONSE:**

        Harry A. Knapp
        250 Greenwich Avenue
        Goshen, New York 10924
        Phone: (845) 656-2625
        Bus:  (845) 294-4046

        Scott J. Pokorny
        8 Lori Lane
        Chester, New York 10918
        Phone: (845) 781-4685
        Cell:  (845) 344-7828

        Karen Pokorny
        8 Lori Lane
        Chester, New York 10918
        Phone: (845) 781-4685
        Cell: (914) 755-5651

2. Identify any person you expect to call as an expert witness at the trial of this matter and for each such expert witness provide the following information:

   (i)    the subject matter(s) on which each expert is expected to testify;

   (ii)   the substance of the facts and the opinions on which each expert is expected to testify;

   (iii)  the grounds for each such opinion; and,

   (iv)  the qualifications each expert possesses as to the subject matter(s) listed in response to subparagraph (i), above.

**RESPONSE:** Plaintiff is determining whether there will be an expert witness called during the course of trial and to the extent it is determined that an expert will be called, said expert will be identified in accordance with Federal Rules of Civil Procedure.

3. Identify any person who you know or who you believe has knowledge of the facts alleged in the Complaint, Answer and/or Counterclaim and identify what knowledge each person possesses. Include in your response all project personnel assigned to the Project by Platinum indicating title and duration on the project and where they are currently employed.

**RESPONSE:**

Derek J. Tudor-Sheet Metal Worker-Local Union #38-two months
Robert J. Benson-Sheet Metal Worker-Local Union
Lou Sanchez-Unites States Government-entire project
Scott J. Pokorny-Platinum-knowledge of scope of work, delays and work performed by Platinum-entire project
Vincent Monte-Platinum-entire project

Harry A. Knapp-Platinum- knowledge of scope of work, delays and work performed by Platinum entire project
Marc Quail-Trane-entire project

4.  Describe in detail what information was relayed to you by CFP regarding the Project and the work you were to perform on the Project, including the date(s) of such communications, the form of communication (e.g. via email, telephone, etc.), the content of those communications, and the name(s) of each party/parties involved on the communications. For each Platinum employee referenced include his/her name, title, and responsibilities.

**RESPONSE:** Information was relayed from CFP to Platinum via fax and telephonic communication between Harry A. Knapp and Roberto Clark of the CFP group. Information was conveyed via purchase order dated May 31, 2006 for the performance of all Plumbing and HVAC work as per the drawings, specification addendums and Platinum's proposal letter dated May 15, 2006. The specific dates of communications are unknown, but generally are as set forth in communications provided to counsel pursuant to discovery demands.

5.  Describe the amount of time you understood you had to complete the work you were to perform on the Project. If that time changed at any point, describe the change that was made, who communicated the change and when.

**RESPONSE:** Platinum was initially made aware that a completion date of March 12, 2007 was anticipated. However, Platinum has determined that CFP obtained a substantial extension of time for performance of all work on the project well in excess of March 12, 2007 as confirmed by Lou Sanchez and Raymond Pifer.

6.  State in detail the service(s) and/or product(s) you allege you provided on the Project, specifying the date(s) and time(s) when such service(s) and/or product(s)

3

was/were provided. Include in your response whether such services were completed by you and, if that is your contention, include the date(s) of completion of the work.

**RESPONSE:**

All work was performed within the timeframe set forth within each individual application for payment submitted by Platinum to CFP, which applications have been produced to counsel in response to discovery demands.

Plumbing:

    a. <u>Boilers</u>

Platinum removed existing boilers and replaced them with Johnston Boilers. This activity was some what impeded by a long lead time for delivery of the specified boiler. Additionally the specified boiler control panel interfered with an existing steel mezzanine built over the boilers.

    b. <u>Hanger Fans/Heaters</u>

The specified items arrived and were installed in a timely fashion, with the exception of one delay caused by the engineer, Clough Harbour, due to late approval of the hanger material and installation. This delay in providing direction by the engineer caused subsequent installation delays.

    c. <u>Baseboard Control/Devices Installation</u>

Platinum performed all demolition of all baseboards in a timely fashion but was impeded in the installation of baseboard due to CFP's personnel disposing of certain baseboard equipment needed by Platinum.

    d. <u>Installation of Air Table and Hose Reels</u>

Platinum performed all work in a timely fashion despite CFP not getting the air table information approved in a timely fashion. This work item was specifically listed as an exclusion in the Platinum proposal, but Platinum was subsequently forced to perform this work by Roberto Clark of CFP.

e. <u>Gas Main and Vents Installation</u>

All work was performed in a timely fashion without delay.

f. <u>Trane Control Wire and Devices</u>

All work was completed in a timely fashion without delay.

h. <u>Testing and Balancing</u>

Platinum was terminated from the project prior to performance of this work.

i. <u>Labeling</u>

Platinum was terminated from the project prior to performance of this work, but had purchased the labels and given them to Lou Sanchez.

HVAC:

Platinum and/or subcontractors retained by Platinum performed the following operations:

    a. Sheet metal shop drawings
    b. Demolition
    c. Ductwork fabrication
    d. Ductwork installation
    e. Fire dampers
    f. VAV box installation
    g. Fan installation
    h. Breeching installation
    i. Set roof curbs
    j. Diffusers and registers

7. State in detail the terms of the agreement or contract under which you provided the service(s) and/or product(s) that you allege you provided on the Project. Identify any documents that evidence the agreement or contract.

**RESPONSE:** Platinum was issued purchase orders by CFP for performance of work on this project.

8. If you contend that CFP changed the scope of the work you were to provide on the Project, describe in detail the changes requested by CFP, the dates of any such changes, and whether you completed the work.

**RESPONSE:** CFP changed the contract by requesting additional work in the following fashion:

    a. Re-routing of cooper lines due to the existing I-beams, this work was completed by Platinum Mechanical-changes occurred on or about February 15, 2007.
    b. Damage caused by vandalism to a Modine Heater in the airplane hanger. We took pictures of the damaged fan blade, sent them to Modine which later stated to Platinum that a fan blade does not simply come apart and that the damage caused was due to someone throwing something into the fan. Platinum has supporting documents quoting a price to fix the fan-changes occurred on or about March 2, 2007
    c. The disconnection of the exterior roof top units according to print caused Platinum to reinstall disconnected gas piping.
    d. Heating fan hangers in airplane hangar. This was a design problem by the engineer. Platinum drafted/redesigned these hangers, then installed them for an extra cost. The original design had interference from the foam fire units-changes occurred on or about September 25, 2006.
    e. Caps in paint booth, these items were not on the print. Platinum removed lines and capped them to keep project moving forward and moved hose bibs – changes occurred on or about September 25, 2006.
    f. Relocation of 1" copper waterline to accommodate new duct – changes occurred on or about September 25, 2006.

9. Identify all subcontractors you hired to perform work on the Project and state whether they claim that any amounts are owed to them by Platinum. If any entity or

person claims that they are owed money from you, describe the amounts they claim they are owed and for which service(s) they claim they are owed money.

**RESPONSE:** The following subcontractors and suppliers provided services on this contract:

    a.    Vamco Sheet Metal – HVAC - $0
           3090 Route 9
           Cold Spring, NY 10516
    b.    Trane – heating control - $13,854.00
           P.O. Box 406469
           Atlanta, GA 30384
    c.    Johnston Boilers – boilers - $80,000.00
           300 Pine Street
           Ferrysburgh, MI 49409
    d.    Analytical Combustion – boiler set-up and start up package - $0
           Unit #93, South End Plaza
           New Milford, CT 06776
    e.    Local Union 38 – Sheet Metal Union, to replace VAMCO when The CFP Group terminated them - $0
    f.    Orange County Insulation - $25,200
           306 Titusville Road
           Poughkeepsie, NY
    g.    dL Flowtech – testing and balancing - $0
           3590 Route 9
           Cold Spring, NY 10516

10.    If you allege that delays outside your control hindered your ability to perform your duties on the project, state with specificity what those delays were, include the dates of the delays and your understanding of the cause of such delays.

**RESPONSE:** Delays

    a.  The installation and relocation of the heaters in the airplane hangar. The delay was due to not being able to place the heater according to print. The heater interfered with the fire foam generators. Platinum could not get a hanger detail from the Architect, who claims he could not design it because he was not a structural engineer. This matter took several weeks to rectify with delay commencing on our about August 2006.
    b.  Delays were also caused by the scheduling of work performed in the offices; we had limited access to certain rooms at any given time.

    c. Boiler receipt, the government wanted to use Johnston Boilers, which caused a 3-4 week delay, which was noted in June 2006.
        i. Multiple problems stemmed from these boilers, bad oil pump, air pump and multiple flame outs.
    d. Greg Harden, the architect went back and forth several times with moving the mezzanine that was in the way of the boiler control boxes. Once again he claimed not to be a structural engineer, so this matter took weeks to correct. Delays by the architect were continuing throughout the project.
    e. Tile and finish laborers waited until the last minute to finish the bathrooms.
    f. Rebleeding and repair of heat system – this was a constant problem once the government maintenance employees had worked on the system during evening hours, prior to us signing these boilers over to them. Platinum repaired this problem with no additional cost to the CFP Group or the government.
        i. Platinum spent many hours rebleeding and repairing air in the heat system.
    g. Inadequate scheduling by CFP.
    h. Several week delay with The CFP Group in taking down of the ceiling for our sheet metal workers. This caused a delay in getting started in the north wing.

11. State, in detail, each and every payment you received from CFP. Indicate the date such payment was received and your understanding of the work for which such payment was made.

**RESPONSE:**

Payments (See attached AIA Documents with description for payments):

    a. August 17, 2006 -    $205,898.40-    Application #1
    b. September 19, 2006-    $197,590.50-    Application #2
    c. October 4, 2006-    $126,122.50-    Application #3
    d. October 5, 2006-    $214,641.00-    Application #4
    e. October 30, 2006-    $134,064.00-    Application #5
    f. December 1, 2006-    $43, 290.00-    Application #6
    g. February 12, 2006    $18,450.00-    Application#8

12. State, in detail, each and every communication between CFP and Platinum regarding the Project.

**RESPONSE:** See documents provided in response to demand for production of documents.

13. Itemize and show how you calculate any economic damages claimed by you in this action, and describe any non-economic damages claimed.

**RESPONSE:** Calculation of all damages has been provided in response to FRCP Rule 26(a) disclosure.

14. Do you claim that any defendant made any admissions relevant to the issues in this matter?

**RESPONSE:** Gary Williams of the CFP made several admissions concerning performance of work by Clough Harbour, and their inability to perform in a timely manner in addition Lou Sanchez and Raymond Pifer indicated on several occasions CFP had no carpenters, labors, or representatives on-site and as such no work was completed all responses provided to subcontractors. These statements were made during the course of the project.

15. Unless your answer to the previous interrogatory is an unqualified "No.", set forth (1) the defendant against whom the admission is claimed, (2) the person(s) who made the admission, (3) the date on which the admission was made, (4) the contents of the admission.

**RESPONSE:** All admissions are against the interest of CFP group.

16. Do you claim that any person or entity made any declarations against interest relevant to the issues in this matter?

**RESPONSE:** See answer to Interrogatory no. 14.

17. Unless your answer to the previous interrogatory is an unqualified "No", set forth (1) the person or entity against whom the declaration against interest i is

9

claimed, (2) the person(s) who made the declaration against interest, (3) the date on which the declaration against interest was made, (4) the contents of the declaration against interest.

**RESPONSE:** See answer to Interrogatory no. 14.

Dated: White Plains, New York
November 6, 2007

WELBY, BRADY & GREENBLATT, LLP

By: _____
Paul G. Ryan (PR 2374)
Attorneys for Plaintiff
11 Martine Avenue, 15th Floor
White Plains, New York 10606
Tel: (914) 428-2100
Fax: (914) 428-2172
pryan@wbgllp.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing Supplemental Response to Interrogatories was mailed on November 6, 2007 to the following:

THOMAS G. DE LUCA
DE LUCA & FORESTER
11 Commerce Drive
Cranford, New Jersey 07016

_____
Paul G. Ryan

**CERTIFICATION**

## CERTIFICATION

I do hereby certify that to the best of my knowledge the foregoing statements are true and accurate.

Harry A. Knapp