UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT
OF PLATINUM MECHANICAL, LLC,

                Case # 07 civ. 3318 (CLB)(LMS)

        Plaintiff/Counterdefendant,

  -against-

                AFFIDAVIT OF ROBERTO CLARK
                IN SUPPORT
UNITED STATES SURETY COMPANY,      OF DEFENDANT
US SPECIALTY INSURANCE COMPANY and  CFP GROUP, INC.'S OPPOSITION
CFP GROUP, INC.                         TO MOTION FOR SUMMARY
                JUDGMENT

        Defendants/Counterplaintiff.

CFP GROUP, INC.,

  -against-

UTICA MUTUAL INSURANCE COMPANY,

        Counterdefendant.
------------------------------------------------------------------x

      **ROBERTO CLARK**, being duly sworn, deposes and says:

      1.    I am the owner and President of CFP Group, Inc. ("CFP"). I have personal knowledge of the facts and circumstances set forth below. I submit this Affidavit in support of CFP's Opposition to Motion for Summary Judgment filed by Utica Mutual Insurance Company ("Utica Mutual").

      2.    Platinum Mechanical Contractors ("Platinum") was to provide certain services to CFP as agreed between Platinum and CFP by and through purchase orders 2580-4(A) and 2580-4(B) (the "Purchase Orders"), attached as Exhibit A to the Counterclaim.

3. The Purchase Orders arose from the request for proposals ("RFP"), posted at www.nationalguardcontracting.org (the "RFP Site"), and Platinum's response to the RFP by the letter of Chip Knapp to CFP dated May 15, 2006 (the "Platinum Quote").

4. The records from the RFP Site document that not later than March 5, 2006, Platinum accessed the RFP Site and had registered as a "planholder" for the RFP Site in order for Platinum to submit a proposal under contract NY-ANG (the "Contract") to be awarded by the Departments of the Army and the Air Force National Guard Bureau (the "Agencies"). The RFP Site stated that the Contract must be performed within 270 days.

5. The Platinum Quote stated, with specificity, "we hereby propose to furnish all supervision, labor, materials, tools and equipment to complete all plumbing and HVAC work at the above referenced project, *according to all drawings, specs, and addendums*{sic}..." (emphasis added).

6. The Contract duration of 270 days was listed on the RFP Site, and in the Contract and on Addendum 0004 of the Contract, both of which were accessed by Platinum through the RFP Site.

7. Prior to acceptance of any bids or proposals, the Agencies held a pre-Construction Conference on May 23, 2006 (the "Conference"). Chip Knapp attended the Conference on behalf of Platinum. At the Conference, a two-page checklist was circulated to participants. It explicitly stated that the Contract duration was 270 days.

8. The Agencies accepted CFP's proposal and issued a notice to Platinum to begin work on **June 14, 2006**. All work was to be completed by **March 12, 2007**, including Platinum's work.

9. On February 28, 2007, CFP notified Platinum, through Chip Knapp, that CFP had concerns that Platinum's work would not be completed by March 12, 2007, as required by the Contract and accepted by Platinum in the Purchase Orders. Platinum gave assurances that it would complete the contract on time and in a satisfactory manner.

10. On March 5, 2007, a significant water leak occurred in the newly completed areas of the project, and CFP notified Platinum of such water leak, as well as other material defects of performance under the Purchase Orders and the Contract. Platinum failed to respond and failed to perform the work due under the Contract and Purchase Orders by the due date of March 12, 2007. Instead, Platinum abandoned the work site and failed to return to the job site from March 6 through March 12, 2007. On March 13, 2007, Platinum appeared at the work site to retrieve its materials.

11. On March 9, 2007, a government inspector determined that Platinum had completed only approximately eighty-five and a half percent (85.5%) of the work for which it had been contracted to complete. Subsequently, on April 9, 2007, the government's third party inspector (CHA) determined that Platinum only had completed approximately seventy to seventy-five percent (70-75%) of the work for which it was responsible with over eighty (80) items of deficiencies.

12. Having failed to return to the job site and having failed to respond to the water leak, Platinum abandoned the job. Platinum did not complete the required work by March 12, 2007, the due date. On March 12, 2007, I orally notified Platinum that they were in default.

13. On March 19, 2007, I sent a letter to Platinum formally giving it notice that it had defaulted under the Contract due to its failure to complete the contracted work by the March 12, 2007 deadline.

14. I sent a copy of the default letter to Tara Lavediere of Atlynx Surety Brokers, LLC ("Atlynx"), who had signed the Performance Bond on behalf of Utica and who I understood was Utica's agent.

15. Utica failed to respond. Instead, Platinum filed this lawsuit. Under a cover letter dated May 14, 2007, Utica finally responded by sending a copy of the lawsuit to CFP's lawyer. Utica has made no attempt to investigate Platinum's performance and has instead indicated that it will not pay CFP's claim on the Bond.

16. CFP paid Platinum more than it was entitled to receive under the contract given its failures to perform. CFP has paid other contractors to complete the job.

_____
Roberto Clark
President, CFP Group, Inc.

_____ OF _____ )
                     ) ss.
_Fairfax_ COUNTY     )

I HEREBY CERTIFY that, on this 6th day of November, 2007, before me, the subscriber, a Notary Public in and for the State aforesaid, personally appeared Roberto Clark, and acknowledged the foregoing affidavit to be his act.

AS WITNESS my hand and Notarial Seal.

(SEAL)_____
Notary Public _____
My Commission Expires: 2/28/2010

PIN# 136116

4