UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT
OF PLATINUM MECHANICAL, LLC.

                                           Case # 07 civ. 3318 (CLB)(LMS)

                 Plaintiff/Counterdefendant,

      -against-

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and

                 Defendants/Counterplaintiff.

CFP GROUP. INC.,

      -against-

UTICA MUTUAL INSURANCE COMPANY.

                 Counterdefendant.
----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO UTICAL MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

DE LUCA & FORSTER
THOMAS G. DE LUCA (TDL 6312)
11 Commerce Drive
Cranford, New Jersey 07016
Telephone: (908) 931-1100

AND

Lori Vaughn Ebersohl
LORI VAUGHN EBERSOHL. PLLC
252 North Washington Street
Falls Church, Virginia 22046
Telephone: (703) 534-4440

Attorneys for Defendant Counterclaimant
CFP Group, Inc.

## INTRODUCTION

Defendant and Counterclaim Plaintiff CFP Group, Inc. ("CFP") submits this Memorandum of Law in Opposition to the Motion for Summary Judgment filed by Utica Mutual Insurance Company ("Utica Mutual"). The attached Affidavit of Roberto Clark and Local Rule 56.1 Statement are submitted in support and incorporated by this reference.

Utica's principal and Contractor under the bond at issue, Platinum Mechanical, LLC ("Platinum") failed to perform its obligations by the contract deadline of March 12, 2007 and abandoned the job site prior to that date. Due to the nature of Platinum's default, it was impossible for CFP to give Utica twenty days notice prior to March 12, 2007, the date of Platinum's breach, when CFP itself had no such notice. Indeed, Platinum had assured CFP that its work would be complete on March 12, 2007.

CFP did provide notice to Utica of Platinum's default by letter dated March 19, 2007. Instead of conducting an investigation into CFP's claims, Utica followed the lead of its principal and referred CFP to the lawsuit filed against CFP in April 2007. Exhibit F attached to the Affidavit of Patrick Ryan in support of Utica's Motion for Summary Judgment ("Ryan Aff."). CFP continued to try to work with Utica to provide it with information to assess its claim on the bond, to no avail. Simply put, Platinum failed to perform, and Utica is required to perform as the surety under the performance bond (the "Bond") at issue. Because material disputed issues of fact exist in this case, and Utica is not otherwise entitled to a judgment as a matter of law, summary judgment should be denied.

## STATEMENT OF FACTS

CFP was awarded a contract with the United States Government to refurbish facilities at Stewart Air National Guard Base in New York (the "Contract"). Platinum agreed to provide

1

certain subcontract work under the Contract, by and through purchase orders 2580-4(A) and 2580-4(B) (the "Purchase Orders"), attached as Exhibit A to the Counterclaim. Affidavit of Roberto Clark ("Clark Aff."), ¶ 2.

Under the parties' agreement, Platinum's work was to be completed on or before March 12, 2007. Clark Aff. ¶¶3-8. The Purchase Orders arose from the request for proposals ("RFP"), posted at www.nationalguardcontracting.org (the "RFP Site"), and Platinum's response to the RFP by letter of Chip Knapp to CFP dated May 15, 2006 (the "Platinum Quote"). The records from the RFP Site document that not later than March 5, 2006, Platinum accessed the RFP Site and had registered as a "planholder" for the RFP Site in order for Platinum to submit a proposal under contract NY-ANG to be awarded by the Departments of the Army and the Air Force National Guard Bureau (the "Agencies"). The RFP Site stated that the Contract must be performed within 270 days. The Platinum Quote stated, with specificity, "we hereby propose to furnish all supervision, labor, materials, tools and equipment to complete all plumbing and HVAC work at the above referenced project, *according to all drawings, specs, and addendums*{sic}..." (emphasis added). Prior to acceptance of any bids or proposals, the Agencies held a pre-Construction Conference on May 23, 2006 (the "Conference"). Chip Knapp attended the Conference on behalf of Platinum. At the Conference, a two-page checklist was circulated to participants. It explicitly stated that the Contract duration was 270 days. The Agencies accepted CFP's proposal and issued a notice to Platinum to begin work on **June 14, 2006**. All work was to be completed by **March 12, 2007**, including Platinum's work. Clark Aff. ¶ 8.

On February 28, 2007, CFP notified Platinum, through Chip Knapp, that CFP had concerns that Platinum's work would not be completed by March 12, 2007, as required by the

Contract and accepted by Platinum in the Purchase Orders. Platinum gave CFP assurances that it would complete the contract on time and in a satisfactory manner. Clark Aff. ¶ 9.

On March 5, 2007, a significant water leak occurred in the newly completed areas of the project, and CFP notified Platinum of the water leak, as well as other material defects of performance under the Purchase Orders and the Contract. Platinum failed to respond and failed to perform the work due under the Contract and Purchase Orders by the due date of March 12, 2007. Clark Aff. ¶ 10. On March 9, 2007, a government inspector determined that Platinum had completed only approximately eighty-five and a half percent (85.5%) of the work for which it had been contracted to complete. Subsequently, the government inspector determined that Platinum only had completed approximately seventy to seventy-five percent (70-75%) of the work for which it was responsible. Clark Aff. ¶ 11. Despite notification of the significant water leak, and the subsequent results of the government inspection, Platinum made no efforts to cure the defects in workmanship or otherwise respond to CFP's notices of the deficiencies in the work performed by Platinum, and did not again return to the job site. Clark Aff. ¶¶ 10-12.

Having failed to return to the job site, Platinum abandoned the job. Platinum did not complete the required work by March 12, 2007, the due date. On March 12, 2007, CFP orally notified Platinum that they were in default. Clark Aff. ¶ 12. On March 19, 2007, CFP sent a letter to Platinum formally giving it notice that it had defaulted under the Contract due to its failure to complete the contracted for work by the March 12, 2007 deadline. A copy of this letter was sent to Tara Lavediere of Atlynx Surety Brokers, LLC ("Atlynx"), who had signed the Performance Bond on behalf of Utica and who CFP understood was Utica's agent. Clark Aff. ¶ 13-14. Utica failed to respond. Instead, Platinum filed this lawsuit. Under a cover letter dated May 14, 2007, Utica finally responded by sending a copy of the lawsuit to CFP's lawyer. Clark

3

Aff. ¶ 15. CFP paid Platinum more than it was entitled to receive under the contract given its

failures to perform. CFP has been forced to pay other contractors to complete the job. Clark Aff.

¶ 16.

ARGUMENT

## I. A BOND IS LIBERALLY CONSTRUED IN FAVOR OF THE PARTY FOR WHOSE PROTECTION IT IS ISSUED

A bond should generally be construed liberally in favor of the party or parties for whose

protection it was issued. *Triangle Erectors, Inc. v. King & Son, Inc.*, 244 N.Y.S.2d 433, 439

(1963); *see also, Maryland Casualty Co. v. Fowler*, 31 F.2d 881 (4th Cir. 1929), *Siegfried*

*Construction, Inc. v. Jennifer Builders, Inc.*, 2000 U.S. App. Lexis 1304 (4th Cir. 1999). Under

New York law, "it is well established that a compensated corporate surety is not a favorite of the

law and its contract of suretyship will be construed in a manner most favorable to the claimant."

*Cam-Ful Indus., Inc. v. Fid. & Deposit Co. of Md.*, 922 F.2d 156, 163 (2d Cir. 1991). The law

favors construction of a contract against a carrier. *Town of Clarkstown v. North River Ins. Co.*,

803 F. Supp. 827, 828 (S.D.N.Y. 1992).

## II. CURE OF PLATINUM'S DEFAULT BY UTICA WAS IMPOSSIBLE IN THAT PLATINUM ABANDONED THE JOB SITE AND FAILED TO PERFORM BY THE DUE DATE

Cure of Platinum's default by Utica was impossible even if twenty days notice had been

given because of the fixed, March 12, 2007 completion date of Platinum's contracted for work.

Even if CFP notified Utica on February 28, 2007, the earliest date that the possibility of default

was suspected, notification would then have been less than 15 days from the fixed completion

deadline of March 12, 2007.

4

CFP allowed Platinum the opportunity to continue their performance after receiving assurances that Platinum would complete the job on time and in a satisfactory manner. Clark Aff. ¶ 9. However, Platinum never returned to the job site. Clark Aff. ¶¶ 10-12. On March 9, 2007, however, an initial government inspector determined that Platinum had completed only approximately 85.5% of the work, with a later, more thorough inspection finding that Platinum had only completed 70 to 75% of the contracted work. Clark Aff. ¶¶ 10-11.

*120 Greenwich Dev. Assoc., LLC v. Reliance Insurance Co.*, 01 Civ. 8219 (PKL) (2004 U.S. Dist. LEXIS 10514 (S.D.N.Y. 2004) ("*120 Greenwich*") on which Platinum heavily relies in support of its motion is not on point in this case. That case did not concern (1) a time limited contract where default occurs by failure of the sub-contractor to perform by a date certain or (2) a situation where it was impossible for the surety to cure the default of the sub-contractor.

*120 Greenwich* involved a construction contract between 120 Greenwich, an owner of property and Thomsen Construction Co. Inc. ("TCCI"), a contractor. 120 Greenwich contracted with TCCI for TCCI to perform the work necessary to rehabilitate and convert a warehouse into a residential space (the "Project"). TCCI obtained a performance bond for the Project from a surety (the "Surety Bond"). Prior to the completion of the Project, however, 120 Greenwich found that the performance of TCCI was unsatisfactory, declared TCCI in default and filed suit against TCCI and its surety, Reliance Insurance Company ("Reliance").

On a motion for summary judgment, Reliance successfully argued that 120 Greenwich was not entitled to recovery under the Surety Bond on the basis that 120 Greenwich failed to provide the required notices under the Surety Bond to trigger Reliance's performance as surety. In that case, the Project remained ongoing despite 120 Greenwich's termination of TCCI, and

thus the failure to provide the required notices to Reliance prejudiced Reliance in its performance of its obligations as surety.

Unlike in *120 Greenwich*, the Contract at issue in this case was specifically time-limited and expired on a date certain after which continued performance by Platinum or a successor, e.g., Utica or any contractor retained by Utica in performance of Utica's obligations under Sections 4.1, 4.2, and 4.3 of the Bond, would be impossible. Providing the required notices under the Bond would have been a futile effort on CFP's part as it would have been impossible for Utica to perform any of its obligations under Sections 4.1, 4.2 or 4.3 of the Bond after March 12, 2007. Without the ability to perform under Section 4.1, 4.2, and 4.3 of the bond. Utica could only perform under Section 4.4 of the bond in this case. Utica failed to do so. Accordingly, Utica is not entitled to judgment in this case as a matter of law and summary judgment must be denied. Moreover, while Utica's failure to perform as surety is not factually disputed in this case, for the purposes of summary judgment, the basis for this failure to perform is a genuine issue of material fact to be decided at trial. Thus, summary judgment should be denied.

### III. UTICA WAS GIVEN REASONABLE NOTICE OF PLATINUM'S DEFAULT UNDER THE PERFORMANCE BOND

The provisions of the bond relied upon by Utica to escape liability in this case and on which it relies in support of its motion for summary judgment, do not apply and cannot be used to excuse Utica's performance under the bond in this case. Those provisions are applicable where there is a default or breach under the contract and time exists to cure such breach. Here, Platinum failed to complete performance on the due date of the contract. In such a situation, it would have been impossible for CFP to give prior notice to Utica when CFP was not aware that Platinum would default as it did. The bond at issue is silent as to the notice that must be given to

6

the surety when the Contractor fails to perform on the due date. In such a situation, the law

implies an obligation that the insurer be given reasonable notice. *See Town of Clarkstown v.*

*North River Ins. Co.*, 803 F. Supp. 827, 829 (S.D.N.Y. 1992). Here, Utica had notice prior to

issuing the bond of the time-limited nature of the Contract. Moreover, by Section 8 of the bond

itself Utica waived any notice of changes of time to the Contract. Thus, from the outset upon

issuance of the bond for CFP's benefit. Utica was fully aware that the Contract would expire on a

date certain and that any performance after that date would be impossible. In addition. Utica had

notice not later than March 19, 2007, when its agent received notification from CFP of

Platinum's default. Despite that notice, Utica made no attempt to mitigate its damages,

investigate the claim or otherwise consult with CFP. Instead, Utica chose to litigate. Clark Aff.

¶ 13-14.

Under New York Law, "the surety bears the burden of making inquiries and informing

itself of the relevant state of affairs of the party for whose conduct it has assumed responsibility."

*Cam-Ful Indus., Inc. v. Fid. & Deposit Co. of Md.*, 922 F.2d 156, 163 (2d Cir. 1991). Following

these principles, Utica had an affirmative duty to make inquiries and inform itself as to the status

of Platinum's performance under the Contract. Moreover, with advance notice of the time-

limited nature of the Contract, Utica's failure to address the situation where default occurs not by

declaration of the owner under the bond, but by operation of time under the terms of the Contract

itself it the provisions of the bond precludes Utica from avoiding performance under the bond for

a situation not contemplated by the provisions of Section 3 of the bond in this case. Thus, Utica

had notice of the time-limited nature of the Contract itself. had the opportunity to craft a bond to

address that situation, and had the affirmative duty under New York law to monitor the state

affairs of Platinum. The failure to do so, on all three counts, requires that the terms of the bond

7

be construed against Utica and in favor of CFP, precludes any judgment as a matter of law in

favor of Utica. Therefore, summary judgment must be denied.[1].

## IV. UTICA CANNOT AVOID LIABILITY BY INVOKING THE NOTICE PROVISION

Timely notice to a surety is merely a protection device for a surety for the purposes of

minimizing damages; it does not act as a preclusion to recovery. The purpose of such notice is to

place the surety in the best possible position to reduce the cost of a claim. *Town of Clarkstown*,

803 F. Supp. at 829-30 (S.D.N.Y. 1992). In *Clarkstown*, the Court stated that "failure to provide

notice should result in a reduction in the sum owed in an amount which would offset the

prejudice incurred." In that case, the surety claimed that with timely notice it might have

completed the work in question for less than the amount demanded by the bond holders. The

Court, however, rejected the surety's argument, finding there was no evidence to support the

position that timely notice would have allowed the surety to mitigate its expenses. Thus, the

protection to the surety is a question of fact.

Similar to *Clarkstown*, Utica was not prejudiced by CFP's inability to give prior notice of

Platinum's default. Even had CFP provided notice at the earliest possible date on which it might

have first considered declaring a contractor default (February 28, 2007), the default would have

nonetheless occurred on March 12, 2007, *three full days* before expiration of the 15-day notice

period required by the bond in this case. Likewise, following expiration of that 15-day notice

period, CFP's actual declaration of default would not have been effective until 20 days following

---

[1]   Utica's decision to litigate, rather than investigate the claim and situation with Platinum following its agent's
receipt of notice of default on March 19, 2007 belies their understanding of the impossibility of performance to cure
the default in this case. If Utica believed the default could be cured by it or a successor contractor to Platinum, it
would have contacted CFP upon receipt of the March 19, 2007 notice. However, as Utica was fully aware that the
period of performance of the Contract expired on March 12, 2007, its failure to do so demonstrates its understanding
of the impossibility of its own performance. To the extent Utica may argue that it never received such notice, it is
axiomatic that notice to an agent serves as notice on the principal.

8

such a declaration – no earlier than April 1, 2007 – nearly *three full weeks* after the default

actually occurred under the Contract. Moreover, even if CFP paid over the balance of the

Contract Price to Utica under Section 3.3 of the bond in this case, Utica would have been unable

to complete performance of the Contract as the Contract itself had expired March 12, 2007. [2]

Thus, Utica could not have cured Platinum's default because Platinum was in default

upon the passing of the deadline for the work to be completed. This left no opportunity for Utica

to cure Platinum's default or reduce Utica's cost of the claim by CFP. Without an opportunity to

cure Platinum's breach of contract or to lessen its costs, the protective purpose of the timely

notice requirement is null. Utica could not have mitigated the damages further if it had been

allowed to step into the shoes of Platinum. Accordingly, Utica remains liable on the surety bond

for Platinum's breach because Utica incurred no prejudice from CFP's inability to give prior

notice. The magnitude of that liability may be limited due to inadequate notice by CFP,

however, that concerns the measure of damages due CFP, a question of fact to be decided at trial.

With a genuine issue of material fact left to be determined, summary judgment must be denied.

## V. SUMMARY JUDGMENT STANDARD

Summary Judgment should be granted only if there exists no genuine issue as to any

material fact and the movant is entitled to judgment as a matter of law. If there exist factual

issues "that properly can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party," then summary judgment is inappropriate. *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 250 (1986). In ruling on a motion for summary judgment, the court

---

[2] In any event, CFP could not pay over the balance of the Contract Price to Utica. The remaining balance on the Contract Price as of March 12, 2007 was entirely contained within the retainage on the Contract held by the U.S. government pending timely completion of the Contract. As the Contract was not completed as of March 12, 2007 due to Platinum's default, the U.S. Government made no payment of the balance of the Contract Price to CFP which might have allowed CFP to pay that amount over to Utica. To date, CFP has not yet received such payment from the U.S. Government.

must construe the facts alleged in the light most favorable to the party opposing the motion.

*United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

Here, Utica has failed to meet its burden. CFP respectfully submits that the Motion for

Summary Judgment should be denied.

Dated:  November 6, 2007              DE LUCA & FORSTER

By: _____
     THOMAS G. DE LUCA (TDL 6312)
     Attorneys for Defendant Counterclaimant
     CFP Group, Inc.
     11 Commerce Drive
     Cranford, New Jersey  07016
     Telephone (908) 931-1100
     Facsimile  (908) 272-2670


                     AND

     Lori Vaughn Ebersohl
     LORI VAUGHN EBERSOHL, PLLC
     252 North Washington Street
     Falls Church, VA  22046
     Telephone (703) 534-4440
     Facsimile (703) 534-4450