UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT
OF PLATINUM MECHANICAL, LLC.

                Plaintiff/Counterdefendant,

Case # 07 civ. 3318 (CLB)(LMS)

-against-

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and
CFP GROUP, INC.

**CFP'S LOCAL RULE 56.1
STATEMENT OF DISPUTED
MATERIAL FACTS**

                Defendants/Counterplaintiff.

CFP GROUP, INC.,

           -against-

UTICA MUTUAL INSURANCE COMPANY,

                Additional Counterdefendant.
---------------------------------------------------------------------x

      Pursuant to Local Rule 56.1, Defendant and Counterclaim Plaintiff CFP Group, Inc. ("CFP"), by its undersigned attorneys, submit this statement of material facts that are in dispute in support of CFP's Opposition to the Motion for Summary Judgment filed by Additional Counterclaim Defendant Utica Mutual Insurance Company ("Utica"). CFP will respond to the numbered paragraphs contained in Utica's Local Rule 56.1 Statement, and will set forth additional material facts in dispute.

      1-5. Paragraphs 1 – 5 refer to the contents of documents and the pleadings in this case, which are not in dispute.

      6. Platinum was obligated to complete its obligations under the contract on March 12, 2007. Platinum defaulted under the contract at issue by failing to perform its obligations on or before the due date of March 12, 2007. Therefore, on March 19, 2007, CFP sent a letter to

Platinum formally giving it notice that it had defaulted under the Contract due to its failure to complete the contracted for work on or before March 12, 2007. Declaration of Roberto Clark ("Clark Dec."), Exhibit A, which is filed concurrently herewith and incorporated by this reference.

7. Platinum had agreed and understood that it was to complete the work on or before March 12, 2007. Clark Dec. ¶¶ 2-7. On February 28, 2007, CFP notified Platinum, through Chip Knapp, that CFP had concerns that Platinum's work would not be completed by March 12, 2007, as required by the contract. Platinum assured CFP that it would complete the contract on time and in a satisfactory manner. Clark Dec. ¶ 9. On March 5, 2007, a significant water leak occurred in the newly completed areas of the project. CFP notified Platinum of the water leak, as well as other material defects of performance under the contract. Platinum failed to respond to CFP's notifications and failed to complete the required work by March 12, 2007. Clark Dec. ¶ 10. Platinum abandoned the job site. Clark Dec. ¶ 12. On March 12, 2007, CFP orally told Platinum that they were in default. Clark Dec. ¶ 12.

8. Having failed to respond to the water leak and having failed to complete the work on or before March 12, 2007, Platinum abandoned the job site. Clark Dec. ¶12. Indeed, on March 9, 2007, a government inspector determined that Platinum had completed only approximately eighty-five and a half percent (85.5%) of the work for which it had been contracted to complete. Subsequently, in April 2007, the government determined that its initial estimate of Platinum's work being 85.5% complete was in error and, in fact, at that point it was determined that Platinum only had completed approximately seventy to seventy-five percent (70-75%) of the work for which it was responsible. Clark Dec. ¶ 11.

9. CFP notified Utica of Platinum's default by sending a copy of the March 19 letter addressed to Platinum to Tara Lavediere of Atlynx Surety Brokers, LLC ("Atlynx"), who had signed the Performance Bond on behalf of Utica and who CFP understood was Utica's agent. Clark Dec. ¶ 14.

10. Utica failed to respond. Instead, Platinum filed this lawsuit. Under a cover letter dated May 14, 2007, Utica responded by sending a copy of Platinum's lawsuit to CFP's lawyer. Clark Dec. ¶ 15.

11. CFP did not declare Platinum in default. Instead, Platinum defaulted by failing to perform its obligations on or before the March 12, 2007 due date, despite having given CFP assurances that it would do so. It was impossible for CFP to give "pre-default" notice prior to March 12, 2007 when Platinum assured CFP that its work would be complete by March 12, 2007.

12. Because Platinum defaulted under the contract due to its failure to complete its performance on or before March 12, 2007, it was impossible for CFP to arrange a "pre-default" conference.

13. CFP paid Platinum more than it was entitled to receive under the contract given its failures to perform. CFP has paid other contractors to complete the job. Clark Dec. ¶ 16.

14-17. At this time, CFP is not making a claim under the payment bond.

Dated: November 6, 2007

DE LUCA & FORSTER

By: *[signature]*
THOMAS G. DE LUCA (TDL 6312)
Attorneys for Defendant Counterclaimant
CFP Group, Inc.
11 Commerce Drive
Cranford, New Jersey 07016
Telephone (908) 931-1100
Facsimile (908) 272-2670

AND

Lori Vaughn Ebersohl
LORI VAUGHN EBERSOHL, PLLC
252 North Washington Street
Falls Church, VA 22046
Telephone (703) 534-4440
Facsimile (703) 534-4450