UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE UNITED STATES FOR THE USE AND
BENEFIT OF PLATINUM MECHANICAL, LLC

                        Plaintiff,

      - against -

UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and
THE CFP GROUP, INC.,

                        Defendants.

THE CFP GROUP, INC.,

      - against -

UTICA MUTUAL INSURANCE COMPANY

      Additional Defendant on the Counterclaim
-------------------------------------------------------------x

07 Cv. 3318 (CLB)

***Memorandum and Order***

Brieant, J.

On October 24, 2007, Counterclaim Defendant Utica Mutual Insurance Company ("Utica Mutual") filed this motion for summary judgment on the Amended Counterclaim brought by Defendant and Counterclaim Plaintiff CFP Group, Inc. ("CFP"). (Doc. 18.) CFP filed its opposition on November 6, 2007, and Utica Mutual filed its reply on November 14, 2007. Oral arguments were held on November 16, 2007 and this Court reserved decision.

**Facts**

The following facts are presumed true for the purposes of this motion only.

CFP was awarded a contract with the United States Government to refurbish facilities at Stewart Air National Guard Base in New York. Platinum Mechanical LLC subcontracted to

furnish "all supervision, labor, materials, tools and equipment to complete all plumbing and HVAC work" for the project. (CFP's Br. 2.)

All work, including Platinum's subcontract was to be completed by March 12, 2007. Platinum Mechanical was aware of this deadline from the request for proposal website and a pre-construction conference, at which it received a two-page document that stated the contract duration. The United States Government accepted CFP's proposal and issued a notice to Platinum Mechanical to begin work on June 14, 2006.

Utica Mutual was the surety for Platinum Mechanical's work and issued Performance Bond No. SU3950828 and Payment Bond No. SU3950828 in connection therewith. The Performance Bond required CFP to notify both Platinum Mechanical and Utica Mutual if CFP was considering declaring a default. The bond stated as follows:

> 3. If there is no Owner [CFP] Default, the Surety's [Utica Mutual's] obligation under this Bond shall arise after:
>
> 3.1 The Owner has notified the Contractor [Platinum Mechanical] and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a contractor Default; and
>
> 3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and
>
> 3.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

(Ryan Aff. Ex. A, ¶ 3.)

Paragraph 10 of the Performance Bond reads, "Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page." The surety address on the signature page is "Utica Mutual Insurance Company, 180 Genesee Street, New Hartford, New York 13413." Tara Laverdiere signed on behalf of Utica Mutual Insurance as its "Attorney-in-Fact."

On February 28, 2007, CFP notified Platinum Mechanical that it was concerned that Platinum Mechanical's work would not be completed by the March 12, 2007 deadline. Platinum gave CFP assurances that it would complete the contract satisfactorily and on time. On March 5, 2007, CFP notified Platinum Mechanical that a significant water leak had occurred in the newly completed areas of the project. Platinum Mechanical did not respond to CFP and did not complete the work by March 12, 2007. On April 9, 2007, a government inspector determined that Platinum Mutual had completed only 70-75% of the work it had contracted to complete.

On March 12, 2007, CFP notified Platinum Mechanical orally that it was in default. On March 19, 2007, CFP sent a letter to Platinum Mechanical notifying it that it was in default. The letter was copied to "T. Laverdiere (Atlynx Surety Brokers, LLC)," who had signed the performance bond on behalf of Utica Mutual and whom CFP believed was Utica Mutual's agent. There is no indication on the letter what address was used to mail the letter to Ms. Laverdiere. Atlynx Surety Brokers, LLC is located in Garden City, New York, not at the address shown on the signature page for Utica Mutual. (Utica's Reply 1-2.)

Utica Mutual contends that "[t]he first notice of any kind given to Utica Mutual at its address listed in the bond was by letter dated May 2, 2007 stating that Platinum was in default."

(Utica Mutual's Br. 3.)  That letter was addressed to "Utica Mutual Insurance Company, Jack Nelson, Senior Underwriter, 180 Genesee Street, New Hartford, New York 13413." (Ryan Aff. Ex. E.)  This was the address listed on the signature page of the Performance Bond.

On April 25, 2007, Platinum Mutual commenced this action against United States Surety Company, US Specialty Insurance Company, and CFP, alleging that CFP failed to pay Platinum Mechanical for its work on the Stewart Air Base in breach of their contract.  United States Surety Company and US Specialty Insurance Company are sureties for principal CFP.  CFP brought a counterclaim for breach of contract against Utica Mutual and Platinum Mechanical, LLC.

Utica Mutual brought this motion for summary judgment on CFP's counterclaim on the ground that "CFP ignored the pre-default notification requirements of Utica Mutual's Performance Bond and thereby deprived Utica Mutual of its right to 1) investigate in advance of default, 2) cure any default or, 3) at a minimum control the expense of any steps taken to cure any default." (Utica Mutual's Br. 1.)

In opposition to Utica Mutual's motion for summary judgment, CFP argues that "it would have been impossible for CFP to give prior notice to Utica when CFP was not aware that Platinum would default as it did (CFP's Br. 6), and that cure of Platinum Mechanical's default would have been impossible between February 28, 2007, "the earliest date that the possibility of default was suspected" and "the fixed completion deadline of March 12, 2007" (CFP's Br. 4). CFP does not state and provided no evidence of whether it mailed the copy of its March 19, 2007 letter to Tara Laverdiere at the address shown for Utica Mutual on the signature page of the Performance Bond.

**Discussion**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In evaluating the record to determine whether there is a genuine issue as to any material fact, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

The Performance Bond No. SU3950828 contained an explicit notice requirement that was a condition precedent to Utica Mutual's performance.  CFP was required to notify Utica Mutual "that [CFP was] considering declaring a Contractor Default and [had] requested and attempted to arrange a conference with the Contractor and the Surety." (Ryan Aff. Ex. A ¶ 3.1.) This notice was to be "mailed or delivered to the address shown on the signature page," which was Utica Mutual Insurance Company, 180 Genesee Street, New Hartford, New York 13413. (Ryan Aff. Ex. A at 1, ¶ 10.)

CFP's March 19, 2007 letter to Platinum Mechanical notifying it of its default was copied to Tara Laverdiere, who signed the Performance Bond on behalf of Utica Mutual as its "Attorney-in-Fact." (Ryan Aff. Ex. C.)  However, Utica Mutual states that the first notice of Platinum Mutual's default it received was in CFP's May 2, 2007 letter.  The March 19, 2007 letter does not indicate whether it was mailed to Utica Mutual's address on the signature page of the Performance Bond.  CFP has not provided any evidence in its papers filed in opposition to this motion that it mailed the letter to Utica Mutual at the address required by Paragraphs 3.1 and 10 of the Performance Bond.  Thus, this Court concludes as a matter of law that CFP failed to

notify Platinum Mechanical's surety, Utica Mutual, of Platinum Mechanical's default in the manner required by the Performance Bond.

A "plaintiff's failure to comply with the condition in a timely manner defeats [its] right to recover on the bond." *Nat'l Fuel Gas Distrib. Corp. v. Hartford Fire Ins. Co.*, 814 N.Y.S.2d 436, 437 (4th Dep't 2006) (holding that the explicit notice requirement in the surety bond was a condition precedent to the surety's obligation to pay and, as plaintiff had not satisfied the condition precedent, it was not entitled to damages from the surety); *153 Hudson Development, LLC v. DiNunno*, 778 N.Y.S.2d 482, 483 (1st Dep't 2004) ("Plaintiff's failure to comply with the notice provisions of the performance bond issued by [the surety] precludes it from now maintaining this action for damages against the bond's surety.  Contrary to plaintiff's contention that these notice provisions are not conditions precedent to recovery against the surety, this bond mandates that pre-default notification be given to the contractor and surety by the owner."); *cf. Walter Concrete Const. Corp. v. Lederle Labs.*, 99 N.Y.2d 603, 605 (2003) ("Had the parties to the contract desired notice of default as a precursor to liability under the bond, they could have elected to issue the more specific AIA 312 [standardized form of bond used by the parties in the instant action], which by its terms requires predefault notification be given to the contractor and surety by the owner.").  Since CFP failed to comply with the notice requirement of the Performance Bond, CFP may not recover from Utica Mutual under the Performance Bond.

Utica Mutual's motion for summary judgment on CFP's counterclaim is granted.  CFP's counterclaims as against Utica Mutual are dismissed with prejudice.  A status conference of remaining counsel with the Court will be held on February 29, 2008 at 9:00 A.M.

SO ORDERED.

SO ORDERED.
Dated: White Plains, New York
       December 2, 2007

_____
Charles L. Brieant, U.S.D.J.