```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT:  07 CV 3318
OF PLATINUM MECHANICAL, LLC,
                                           : THIRD-PARTY ANSWER
                    Plaintiff,               WITH COUNTERCLAIM
                                           :
        -against-
                                           :
UNITED STATES SURETY COMPANY,
US SPECIALTY INSURANCE COMPANY and         :
CFP GROUP, INC.,
                                           :
                    Defendants.
-----------------------------------------------------------x
THE UNITED STATES FOR THE USE AND BENEFIT:
OF PLATINUM MECHANICAL, LLC,
                                           :
                    Plaintiff,
                                           :
        -against-
                                           :
VAMCO SHEET METALS, INC.,
                                           :
                    Defendants.
-----------------------------------------------------------x
```

Third-party defendant Vamco Sheet Metal, Inc. ("Vamco"), by its attorney, Thomas D. Czik, in response to the third-party complaint, states:

1. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the third-party complaint.

2. Vamco admits the truth of the allegations contained in paragraph 2 of the third-party complaint.

### Jurisdiction and Venue

3. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the third-party complaint.

4. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the third-party complaint.

### Jury Demand

5. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the third-party complaint.

### Factual Background

6. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the third-party complaint.

7. Vamco admits the truth of the allegations contained in paragraph 7 of the third-party complaint.

8. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the third-party complaint.

9. Vamco denies the truth of the allegations contained in paragraph 9 of the third-party complaint.

10. Vamco denies the truth of the allegations contained in paragraph 10 of the third-party complaint.

### Count One – Indemnification

11. Vamco restates the allegations contained in paragraphs 1 through 10 of this third-party answer as if fully set forth herein.

12. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the third-party complaint.

13. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the third-party complaint.

14. Vamco denies the truth of the allegations contained in paragraph 14 of the third-party complaint, except Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 that the CFP Group identified deficiencies in the work performed by Vamco and required remediation of such deficiencies and asserted claims against Platinum for the cost of such remedial and completion work.

15. Vamco denies the truth of the allegations contained in paragraph 15 of the third-party complaint.

### Count Two – Contribution

16. Vamco restates the allegations contained in paragraphs 1 through 15 of this third-party answer as if fully set forth herein.

17. Vamco denies the truth of the allegations contained in paragraph 17 of the third-party complaint.

### Count Three – Breach of Contract

18. Vamco restates the allegations contained in paragraphs 1 through 17 of this third-party answer as if fully set forth herein.

19. Vamco lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the third-party complaint.

20. Vamco denies the truth of the allegations contained in paragraph 20 of the third-party complaint.

21. Vamco denies the truth of the allegations contained in paragraph 21 of the third-party complaint.

22. Vamco denies the truth of the allegations contained in paragraph 22 of the third-party complaint.

### First Affirmative Defense

23. Any losses incurred by Platinum is the result of its own acts or omissions and, therefore, the third-party complaint should be dismissed.

### Second Affirmative Defense

24. Platinum breached its agreement with Vamco by failing to prepare and make work ready for Vamco to perform its obligations.

25. Accordingly, the third-party complaint should be dismissed.

### Third Affirmative Defense

26. Platinum breached its agreement with Vamco by failing to make proper payment to Vamco.

27. Accordingly, the third-party complaint should be dismissed.

## Counterclaim

28. Vamco is a New York Corporation with its principal place of business at 3090 Route 9, Cold Spring, New York 10516.

29. Platinum is a New York Corporation with its principal place of business at 250 Greenwich Avenue, Goshen, New York 10924.

30. Vamco and Platinum entered into an agreement (the "Agreement") pursuant to which Vamco agreed to perform certain sheet metal work at a project known as Stewart Airport National Guard Building 100 (the "Project").

31. Vamco performed its obligations under the Agreement.

32. Platinum failed to perform its obligations under the Agreement by, among other things, failing to prepare and make work ready at the Project for Vamco to perform its obligations and failing to make proper payment to Vamco.

33. As a result of Platinum's breaches of the Agreement, Vamco has been damaged in an amount to be established at the trial of this action.

WHEREFORE, third-party defendant Vamco Sheet Metal, Inc. respectfully requests: (i) that the third-party complaint be dismissed, (ii) judgment on its counterclaim in an amount to be established at the trial of this action and with costs and interest, and (iii) together with such other, further and different relief as to the Court seems just and proper.

Dated: Roslyn, New York
       March 17, 2008

*Thomas D. Czik*
Thomas D. Czik (TC-3382)
Attorney for third-party defendant
30 Eagle Lane
Roslyn, New York 11576-2502
(516) 801-0157